SARA TUTTEROW POTTS v. JAMES MELVIN POTTS

No. 7319DC279

(Filed 8 August 1973)

1. **Appeal and Error § 57— assignment of error to findings of fact — no evidence included in record on appeal**

   Where there was evidence offered before the trial court at a hearing on plaintiff's motion to increase the amount of support payments required of defendant and defendant assigned as error that the evidence did not support the findings of fact by the trial judge, but did not include the evidence in the record on appeal, it is presumed that the facts found were supported by competent evidence.

2. **Divorce and Alimony § 23— increase in support — hearing in defendant's absence — no error**

   Trial court did not err in conducting a hearing on plaintiff's motion to increase the amount of support payments due from defendant in the absence of defendant and his counsel where the hearing had previously been continued at defendant's request and then, on the day set, was continued for part of the day to accommodate defense counsel who had another conflict.

APPEAL by defendant from *Warren, District Judge,* 13 November 1972 Session of District Court held in ROWAN County.

This cause was commenced on 2 February 1968 as an action for absolute divorce. A decree of absolute divorce was entered on 11 March 1968, and on the same day, by separate order in the cause, an order was entered awarding custody of two minor children to plaintiff and requiring defendant to make certain periodic payments for their support. The amount of the support payments was increased upon motion in the cause on 16 March 1970. On 27 October 1972 a motion in the cause was filed to obtain an order further increasing the amount of support payments the defendant is required to make. A hearing was held, without the presence of defendant and his counsel, in district court on 14 November 1972, following which an order was entered increasing the periodic support payments the defendant is required to make. Defendant appealed from this latter order.

*Robert V. Somers, for the plaintiff.*

*Olive, Howard, Downer, Williams & Price, by Paul J. Williams, for the defendant.*

BROCK, Judge.

Defendant assigns as error that the facts found by Judge Warren are not supported by the evidence.

[1]   The order appealed from recites: "The Court, after hearing evidence and testimony in this cause from the plaintiff, finds the following facts." It appears from the foregoing recitation that an evidentiary hearing was conducted by Judge Warren; however, appellant has failed to include the evidence in the record on appeal. Appellant did file five sheets of paper each of which is marked substantially as follows: "Designated plaintiff's exhibit # _____ *presumably* offered and accepted into evidence at hearing on November 14, 1972." (Emphasis added.) The source of relevancy of these five sheets of paper is not clear and they will not be considered.

Where there is evidence offered before the trial court and appellant assigns as error that the evidence does not support the findings of fact by the trial judge, but does not include the evidence in the record on appeal, we will presume the facts found are supported by competent evidence.

[2]   Defendant assigns as error that the hearing was conducted in the absence of defendant and his counsel. The record reflects that the hearing on plaintiff's motion had been continued at

---

defendant's request and was set for a day certain. Defendant and his counsel were well aware of the date set. Counsel apparently had another conflict and requested a further continuance. The trial court delayed the hearing for a part of the day to accommodate defense counsel, but when the matter was again reached the trial court proceeded to hear the plaintiff's evidence. Under the circumstances disclosed by this record defendant has failed to show an abuse of discretion.

Affirmed.

Judges VAUGHN and BALEY concur.