GEER, Judge.
Defendant Jim Jay Huang appeals from the trial court's order denying his motion pursuant to Rule 60(b)(6) of the Rules of Civil Procedure to amend an equitable distribution judgment entered seven years earlier. We affirm.
Following the parties' divorce in 1995, the trial court conducted a hearing on their claims for equitable distribution on 18 September 1996. Two months later, prior to entry of the equitable distribution judgment, defendant received notice from a creditor that plaintiff had charged several thousands of dollars on a joint credit account that defendant thought had been closed after the parties' separation date. Despite this notice, defendant did not raise the issue of those charges when the trial court entered its final judgment of equitable distribution of the parties' marital property in December of 1996.
Seven years later, defendant filed a "Motion to Amend Equitable Distribution Order" pursuant to N.C.R. Civ. P. 60(a) and (b)(6). He alleged in the motion that the same creditor had reported the entire bill ($4,902.00) as a charge-off against him to credit reporting agencies when it was unable to collect payment from plaintiff. Defendant asserted that he received the worst possible consumer credit rating as a result and that the creditor had continued to report the charge-off as recently as October 2003. He explained his delay in seeking relief by stating that the charge-off had only lately hurt his ability to obtain credit. Defendant sought (1) to have the equitable distribution judgment amended "so that no party will be responsible for another party's financial and any other activities after the equitable distribution" and (2) an award "for the financial loss as a result of the Plaintiff's action."
On 10 May 2004, the trial court heard defendant's Rule 60 motion. In addition to making findings consistent with the preceding facts, the trial court specifically found that "the Defendant's seven-year delay in filing this motion was unreasonable and the motion was not filed within a reasonable time as required by Rule 60." After concluding that defendant's motion "was not filed within a reasonable time and the Defendant has not given a reasonable explanation for his delay," the trial court denied defendant's motion in an order entered on 26 July 2004. In a second order entered pursuant to the parties' stipulations, the trial court "ordered that the Defendant shall not be deemed responsible for any charges placed on the joint Sears credit account after 1995."
While defendant attempts to assert that the trial court's findings of fact were not supported by competent evidence, he did not include any of the evidence presented to the trial court in his record on appeal. As the appellant, defendant bore the responsibility of properly preparing the record on appeal. Spencer v. Spencer, 70 N.C. App. 159, 166, 319 S.E.2d 636, 642 (1984). When an appellant assigns as error that the evidence does not support the trial court's findings of fact, but then fails to include the evidence in the record on appeal, this Court will presume the facts found by the trial court are supported by competent evidence. Potts v. Potts, 19 N.C. App. 193, 194, 198 S.E.2d 203, 204 (1973). Because defendant has failed to set out "so much of the evidence . . . as is necessary for an understanding of all errors assigned," N.C.R. App. P. 9(a)(1)(e), the trial court's findings of fact are binding on appeal.
Defendant then argues that his seven-year delay in seeking relief cannot be deemed unreasonable under the circumstances. Whether such a motion is made within a reasonable time depends upon the circumstances of the individual case. Nickels v. Nickels, 51 N.C. App. 690, 692, 277 S.E.2d 577, 578, disc. review denied, 303 N.C. 545, 281 S.E.2d 392 (1981). Here, the trial court found that defendant knew of the charges on the credit account in November 1996 prior to entry of the equitable distribution judgment on 11 December 1996. Defendant failed to raise the issue with the trial court at that time. He instead waited seven years to file the present motion for relief, and the trial court determined that it was not made within a reasonable time. Defendant has shown no abuse of discretion by the trial court in denying his untimely motion for relief pursuant to Rule 60(b)(6).
Defendant's final contention is that the trial court's order denying his Rule 60(b)(6) motion is inconsistent with the second order that deemed him to be not responsible for charges to the credit account after 1995. He has neither cited any authority nor stated any reason or argument in support of this contention, and it is deemed abandoned under N.C.R. App. P. 28(b)(6). Nevertheless, we hold that entry of the consent order absolving defendant of the credit charges pursuant to the parties' stipulations is not inconsistent with the trial court's decision to deny the requested relief due to defendant's unreasonable delay.
Affirmed.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).