NICOLE HENSEY, Plaintiff v. MARK HENNESSY, Defendant

No. COA08-1277

(Filed 17 November 2009)

**1. Appeal and Error— interlocutory orders—ex parte domestic violence protective order**

An *ex parte* domestic violence protective order (DVPO) was heard on appeal even though it was interlocutory where defendant waited until after a DVPO was entered to file notice of appeal to both the *ex parte* DVPO and the DVPO.

**2. Domestic Violence— protective order—*ex parte* hearing— evidence**

It was presumed that the facts as found in an *ex parte* domestic violence protective order were supported by competent evidence where the record reflected that a hearing was held and plaintiff appeared, presumably offering evidence.

**3. Domestic Violence— ex parte protective order—findings— incorporation of complaint**

*Ex parte* domestic violence protective orders need not contain findings and conclusions that fully satisfy the requirements of N.C.G.S. § 1A-1, Rule 52, but it was still necessary to consider whether the order in this case was sufficient since the court simply incorporated the allegations of the complaint. While it would be preferable for the court to set forth specific facts, this order, read with the complaint, provides sufficient information for appellate review.

---

**4. Domestic Violence— *ex parte* order—findings and conclusions—sufficiently supported**

The findings and conclusions in an *ex parte* domestic violence protective order were supported by the allegations of the verified complaint and the recency and severity of defendant's acts.

**5. Domestic Violence— basis of protective order—memory of separate proceeding—sufficiency**

There was no competent evidence to support the issuing of a domestic violence protective order where the trial court relied on its memory of a separate proceeding. Furthermore, judicial notice was not appropriate for factual issues such as those presented here.

Appeal by defendant from orders entered 19 November 2007 by Judge Leonard W. Thagard, and 10 March 2008 and 21 April 2008 by Judge Henry L. Stephens, IV, in Onslow County District Court. Heard in the Court of Appeals 6 May 2009.

*Lana S. Warlick, for plaintiff-appellee.*

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Tobias S. Hampson, for defendant-appellant.*

STROUD, Judge.

Defendant appeals from a 19 November 2007 ex parte domestic violence order of protection, 10 March 2008 domestic violence order of protection, and 21 April 2008 order denying defendant's motions for a new trial and relief from judgment. For the following reasons, we affirm the 19 November 2007 ex parte domestic violence order of protection and reverse the 10 March 2008 domestic violence order of protection.

I. Background

On 19 November 2007, plaintiff filed a "complaint and motion for domestic violence protective order[,]" (original in all caps), alleging that on 17 November 2007, while she was 29 weeks pregnant, defendant had, *inter alia*, "put [her] in a headlock" and "banged [her] into a wall[.]" On 19 November 2007, the trial court granted an "ex parte domestic violence order of protection ("ex parte DVPO"), (original in all caps), to be "effective until November 26, 2007[.]" The trial court also noticed a hearing for 26 November 2007.

HENSEY v. HENNESSY

[201 N.C. App. 56 (2009)]

Defendant moved for a continuance, and the hearing was rescheduled for 10 December 2007. The ex parte DVPO was "continued in effect until the date of the hearing[.]" On 10 December 2007, defendant filed a motion for another continuance. The hearing was rescheduled for 14 January 2007, and the trial court again ordered that the ex parte DVPO remain in effect. On or about 17 December 2007, Joseph E. Stroud, Jr. entered his appearance on behalf of defendant. On 14 January 2008, the hearing was again continued by agreement of the parties until 10 March 2008; once again the ex parte DVPO remained in effect.

At the hearing on 10 March 2008, neither defendant nor his attorney were present. The trial court entered a "domestic violence order of protection" ("DVPO") (original in all caps), to be in effect until 10 March 2009. On 11 March 2008, defendant's attorney filed motions (1) for a new trial, (2) or, in the alternative, to set aside the 10 March 2008 DVPO, (3) to withdraw as counsel, and (4) to expedite the hearing of the motions. On 10 April 2008, defendant's attorney filed a separate motion to withdraw as counsel. On 21 April 2008, the trial court denied defendant's motions for a new trial and for relief from judgment. On 22 April 2008, the trial court allowed defendant's attorney to withdraw as counsel. Defendant appeals the ex parte DVPO, the DVPO, and the order denying his motions for a new trial and for relief from judgment.

## II.  Appeal of Interlocutory Order

**[1]** Though not addressed by either party, "whether an appeal is interlocutory presents a jurisdictional issue, and this Court has an obligation to address the issue *sua sponte*." *Duval v. OM Hospitality, LLC*, 186 N.C. App. 390, 392, 651 S.E.2d 261, 263 (2007) (citation, quotation marks, and brackets omitted). In *Smart v. Smart*, the defendant appealed from either an emergency or ex parte DVPO entered pursuant to N.C. Gen. Stat. § 50B-2. 59 N.C. App. 533, 536, 297 S.E.2d 135, 137 (1982). This Court dismissed the appeal and held "that the order is interlocutory and the immediate temporary emergency relief granted by the order does not affect any substantial right of the defendant which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits." *Id.* at 536, 297 S.E.2d at 137-38. *Smart* is distinguishable from the present case because in *Smart* the defendant failed to appeal from the final order; in fact, in Smart it is unclear whether the trial court ever entered a final order. *See Smart*, 59 N.C. App. 533, 297 S.E.2d 135.

We have been unable to find any precedential case law which has addressed an appeal from an ex parte DVPO where the notice of appeal was filed after entry of the DVPO *and* notice of appeal was given as to both the ex parte DVPO and the DVPO. Thus, we conclude that although the ex parte DVPO was an interlocutory order and would not have been immediately appealable, *see Smart* at 536, 297 S.E.2d at 137-38, it is now "reviewable . . . [only] on appropriate exception upon an appeal from the final judgment in the cause." *Veazey v. Durham,* 231 N.C. 357, 362, 57 S.E.2d, 377, 382 (1950) (citation omitted); *see Love v. Moore,* 305 N.C. 575, 578, 291 S.E.2d 141, 144 (1982) ("An interlocutory decree which does not affect a substantial right is reviewable only on appropriate exception upon an appeal from the final judgment in the cause." (citation omitted)). As defendant properly waited until after entry of the DVPO to file his notice of appeal to the ex parte DVPO and the DVPO together, we will review both orders.

### III. Standard of Review

When the trial court sits without a jury [regarding a DVPO], the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Where there is competent evidence to support the trial court's findings of fact, those findings are binding on appeal.

*Burress v. Burress,* —— N.C. App. ——, ——, 672 S.E.2d 732, 734 (2009) (citations, quotation marks, and brackets omitted).

### IV. Ex Parte DVPO

Defendant first contends that the trial court erred by making insufficient findings of fact before issuing the ex parte DVPO. Essentially, the defendant raises three separate arguments as to the ex parte order: (1) the trial court did not hear any evidence, but instead based the ex parte DVPO only upon the verified complaint; (2) the DVPO did not contain any findings as to the "specific facts" upon which it is was based; and (3) if the ex parte DVPO did contain findings of fact, they were not sufficient under N.C. Gen. Stat. § 1A-1, Rule 52.

### 1. DVPO Hearing

**[2]** A court may only issue an ex parte DVPO if "it clearly appears to the court from *specific facts shown,* that there is a danger of acts of domestic violence against the aggrieved party[.]" N.C. Gen. Stat.

§ 50B-2(c) (emphasis added). N.C. Gen. Stat. § 50B-2(c) does not provide that the trial court may issue an ex parte DVPO based solely upon the allegations of the complaint. N.C. Gen. Stat. § 50B-2(c) instead provides that

> [i]f an aggrieved party acting pro se requests ex parte relief, the clerk of superior court shall schedule an *ex parte hearing* with the district court division of the General Court of Justice within 72 hours of the filing for said relief, or by the end of the next day on which the district court is in session in the county in which the action was filed, whichever shall first occur.

*Id.* (emphasis added).[1]

Therefore, N.C. Gen. Stat. § 50B-2 requires that a "hearing" be held prior to issuance of the ex parte DVPO. *See id.* If the ex parte DVPO could be issued based only upon the verified complaint, without having the aggrieved party appear for a hearing before a judge or magistrate, there would be no need to schedule a hearing; the judge or magistrate could simply read the verified complaint and decide whether to issue the ex parte DVPO. *See id.*

The record before us does not contain any transcript of the ex parte hearing held on 19 November 2007, but the ex parte DVPO provides that "[t]his matter was heard" by the trial judge on that date. Given the expedited nature of the ex parte hearing process, we recognize the possibility that no transcript of that hearing was available to the parties. However, the record reflects that an ex parte hearing was held, and plaintiff appeared *pro se* before the trial court to request the ex parte DVPO, so presumably she offered evidence. *See Potts v. Potts*, 19 N.C. App. 193, 194, 198 S.E.2d 203, 204 (1973) ("Where there is evidence offered before the trial court and appellant assigns as error that the evidence does not support the findings of fact by the trial judge, but does not include the evidence in the record on appeal, we will presume the facts found are supported by competent evidence."). We may therefore presume that the facts as found in the ex parte DVPO were supported by competent evidence. *See id.*

2. Incorporation of Complaint into Ex Parte DVPO

**[3]** Defendant's next arguments deal with the trial court's actual findings of fact. N.C. Gen. Stat. § 50B-2(c) provides that the trial court

---

1. N.C. Gen. Stat. § 50B-2(c1) contains similar hearing provisions for the issuance of ex parte DVPO by magistrates in districts where the chief district judge has authorized magistrates to hear these cases. *See* N.C. Gen. Stat. § 50B-2(c1).

may enter an ex parte DVPO to protect the plaintiff "if it clearly appears to the court from specific facts shown, that there is a danger of acts of domestic violence against the aggrieved party[.]" N.C. Gen. Stat. § 50B-2(c). Ex parte DVPOs pursuant to N.C. Gen. Stat. § 50B-2 are normally in effect for a very brief time, until either entry or denial of entry of a DVPO under N.C. Gen. Stat. § 50B-3, as DVPO hearings are required "within 10 days from the date of issuance of the [ex parte DVPO] or within seven days from the date of service of process on the other party, whichever occurs later." *Id.* Most likely due to the brief life of ex parte DVPOs, we find no prior cases which have addressed the findings of fact required in an ex parte DVPO.

An ex parte DVPO, although brief in duration, can have a tremendous effect upon a defendant. An ex parte DVPO requiring a defendant not to "assault, threaten, abuse, follow, harass . . ., or interfere with the plaintiff" should not impose any particular hardship upon the defendant; however, the ex parte DVPO may also require a defendant to, *inter alia*, leave his or her home, stay away from his or her children, give up possession of a motor vehicle, and surrender his or her "firearms, ammunition, and gun permits" to the sheriff. In addition, a defendant who knowingly violates a valid protective order, including an ex parte DVPO, may be charged with a class A1 misdemeanor or with various felonies for certain violations. See N.C. Gen. Stat. § 50B-4.1.[2] Due to the potentially serious consequences of the ex parte DVPO, N.C. Gen. Stat. § 50B-2(c) requires that the ex parte DVPO be issued only if it "clearly appears" based upon "specific facts shown, that there is a danger of acts of domestic violence against the aggrieved party[.]" N.C. Gen. Stat. § 50B-2(c). Thus, in order to issue an ex parte DVPO, the trial court must make findings of fact which include "specific facts" which demonstrate "that there is a danger of acts of domestic violence against the aggrieved party[.]" *Id.*

Defendant argues that the ex parte DVPO failed to include findings of fact at all, as the entire notation by the trial court was "see complaint[.]" However, the complete factual findings of the ex parte DVPO, including provisions from the preprinted form, were as follows:

---

2. In Session Law 2009-342, the legislature recently clarified that a "valid protective order" under N.C. Gen. Stat. § 50B-4.1 includes emergency and ex parte orders entered under N.C. Gen. Stat. Chapter 50B. *See* 2009-3 N.C. Adv. Legis. Serv. 142 (LexisNexis).

2. That on (date of most recent conduct) *see complaint,* the defendant

    a. attempted to cause . . . bodily injury to the plaintiff . . .

    b. placed in fear of imminent serious bodily injury the plaintiff[.]

[The trial court then made the following conclusions of law:]

1. The defendant has committed acts of domestic violence against the plaintiff.

. . . .

3. It clearly appears that there is a danger of acts of domestic violence against the plaintiff.[3]

(Emphasis added.) Thus, it appears that the trial court incorporated the allegations of the complaint into its ex parte DVPO for the "specific facts" showing "that there is a danger of acts of domestic violence against the aggrieved party[.]" N.C. Gen. Stat. § 50B-2(c).

Defendant argues that pursuant to N.C. Gen. Stat. § 1A-1, Rule 52, the trial court is required to "find the facts specially and state separately its conclusions of law thereon and direct entry of the appropriate judgment." N.C. Gen. Stat. § 1A-1, Rule 52(a) (2007). Defendant argues that the requirements of N.C. Gen. Stat. § 1A-1, Rule 52 apply to DVPO actions under N.C. Gen. Stat. Chapter 50B, as this is an "action[] tried upon the facts without a jury[.]" *Id.*

We must first consider the extent of the application of N.C. Gen. Stat. Chapter 1A, the Rules of Civil Procedure, to actions brought under Chapter 50B. N.C. Gen. Stat. § 1A-1, Rule 1 provides that "[t]hese rules shall govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute." N.C. Gen. Stat. § 1A-1, Rule 1. An action under Chapter 50B is a civil action. *See* N.C. Gen. Stat. § 50B-2 (2007) ("Any person residing in this State may seek relief under this Chapter by filing a *civil action* . . . .") Therefore, the Rules of Civil Procedure apply to actions under Chapter 50B, except to the extent that "a differing procedure is prescribed by statute." N.C. Gen. Stat. § 1A-1, Rule 1.

N.C. Gen. Stat. § 50B-2 sets forth certain specialized procedures which apply to actions which allege acts of domestic violence against

---

3. Only the words in italics were added by the trial court.

an aggrieved party or a child residing with or in the custody of an aggrieved party under Chapter 50B. N.C. Gen. Stat. § 50B-2(a). The specialized procedures deal with issuance of emergency relief and ex parte DVPOs. N.C. Gen. Stat. § 50B-2(b) and (c). Although the procedures for emergency and ex parte DVPOs bear some resemblance to the procedures for temporary restraining orders under N.C. Gen. Stat. § 1A-1, Rule 65(b), *compare* N.C. Gen. Stat. §§ 1A-1, Rule 65(b); 50B-2, proceedings under Chapter 50B are distinct from proceedings under N.C. Gen. Stat. § 1A-1, Rule 65. *See State v. Byrd*, 363 N.C. 214, 221, 675 S.E.2d 323, 326 (2009) ("The order entered by the trial court was, therefore, an *ex parte* TRO entered under Rule 65(b), not a valid domestic violence protective order, entered pursuant to Chapter 50B."). The procedures under N.C. Gen. Stat. § 50B-2 are intended to provide a method for trial court judges or magistrates to quickly provide protection from the risk of acts of domestic violence by means of a process which is readily accessible to *pro se* complainants. *See* N.C. Gen. Stat. § 50B-2. However, Chapter 50B does not contain any provisions which specifically exclude or conflict with any of the Rules of Civil Procedure which may be relevant to this case.

However, requiring findings and conclusions of the nature contemplated by N.C. Gen. Stat. § 1A-1, Rule 52 would be inconsistent with the fundamental nature and purpose of an ex parte DVPO, which is intended to be entered on relatively short notice in order to address a situation in which quick action is needed in order to avert a threat of imminent harm. In such circumstances, there is simply not sufficient time to enter an order that is fully compliant with the requirements of N.C. Gen. Stat. § 1A-1, Rule 52. For that reason, despite the absence of specific statutory language excluding ex parte DVPOs from the coverage of the findings and conclusions requirement of N.C. Gen. Stat. § 1A-1, Rule 52, we hold that such orders need not contain findings and conclusions that fully satisfy the requirements of that provision of the Rules of Civil Procedure. Having reached this conclusion, however, we still need to address the adequacy of the ex parte DVPO entered in the present case, in which the trial court simply incorporated the allegations of the complaint into its order rather than setting forth a separate statement of its factual findings.

Although it appears that this Court has never specifically approved incorporation of language from a complaint into a DVPO, we have recognized that a trial court may incorporate such allegations in other types of cases; for example, in *State v. Henderson*, 179 N.C. App. 191, 632 S.E.2d 818 (2006), a probation violation case,

the trial court used a "form for Judgment and Commitment Upon Revocation of Probation, AOC-CR-608." *Id.* at 196-97, 632 S.E.2d at 822. Mostly by use of the "preprinted text" of the form, the order provided in part that

> defendant was charged with violation of probation conditions as alleged in the violation reports, which were incorporated by reference, (3) the trial court was reasonably satisfied, by the evidence presented, that defendant violated each of the conditions set forth in the violation reports dated 5 April 2005, and (4) each violation was sufficient to revoke defendant's second probation and activate his suspended sentence.

*Id.* at 197, 632 S.E.2d at 822. The defendant argued that "the trial court's findings were not sufficiently specific to enable an appellate court to review the trial court's decision[,]" but this Court rejected the defendant's argument and concluded that "the completed form, together with the probation violation report which was incorporated by reference, contained sufficient findings of fact to support revocation of defendant's second probation." *Id.* We see no reason why a similar approach should not suffice here, particularly given the need ·for expedition in the handling of results for the issuance of ex parte DVPOs. Thus, we conclude that while it would be preferable for the trial court to set forth the "specific facts" which support its order separately, instead of by reference to the complaint, the ex parte DVPO, read in conjunction with plaintiff's complaint, does provide sufficient information upon which we may review the trial court's decision to issue the ex parte DVPO. *See generally id.*

3. Sufficiency of Findings of Fact

**[4]** The "specific facts" here, as incorporated into the DVPO from the allegations of the verified complaint, are that on the

> [n]ight of Saturday Nov. 17 2007 (police report & magistrate papers documented) [Plaintiff] was at [defendant]'s house and [they] had a disagreement over a girlfriend of his he currently contact[ed]. [Plaintiff] told [defendant] [she] wanted to go home & proceeded to call [her] parents to come & pick [her] up. [She] then gathered all of [her] belongings and realized [she] did not have [her] cell phone. [She] used his house phone to call [her] (sic) to find it's (sic) location. [She] found it broken in ½ & hidden from [her] ([defendant] did it) [Defendant] then started to heckle [her] (close to [her] face) calling [her] name[s.] Next [she]

was put in a headlock and dragged. [She] was crying & kicking, & screaming to let [her] go/'your (sic) hurting me'. [Defendant] banged [her] into a wall several times. [She] put [her] foot/leg up to prote[ct] [her] pregnant belly. [She] finally got loose—ran around [defendant's] house (running away from him) and ran outside. [Defendant] chased [her] yelling at [her]. [She] went to a neighbor for help b/c [her] cell could not call 911.

Furthermore, plaintiff's complaint stated that "[t]here is another court proceeding between the defendant and [plaintiff] pending" for domestic violence and that plaintiff "believe[d] there is danger of serious and immediate injury to [her] or [her] child(ren)." By reference to the allegations of plaintiff's complaint, the trial court has complied with N.C. Gen. Stat. § 1A-1, Rule 52 and N.C. Gen. Stat. § 50B-2(c) regarding the findings of fact as to the "specific facts show[ing] that there is a danger of acts of domestic violence against the aggrieved party[.]" N.C. Gen. Stat. § 50B-2(c).

Lastly, as to the ex parte DVPO, we must consider "whether [the trial court's] conclusions of law were proper in light of [the] facts." *Id.* "[I]f it *clearly appears to the court from specific facts shown, that there is a danger of acts of domestic violence against the aggrieved party* or a minor child, the court may enter orders *as it deems necessary to protect the aggrieved party*[.]" N.C. Gen. Stat. § 50B-2(c) (emphasis added). Thus, in order for a trial court to properly enter an ex parte DVPO it must "clearly appear to the court from specific facts shown, that" . . . "the aggrieved party" is in "danger of acts of domestic violence[.]" *Id.* As the purpose of entering an ex parte DVPO is "to protect the aggrieved party[,]" *id.*, "the decision of the trial court must of necessity be predictive in nature, as the trial court must assess whether there is a substantial risk of future" harm. *See generally In re A.S.*, 190 N.C. App. 679, 690, 661 S.E.2d 313, 320 (2008) (citation and quotation marks omitted).

Here, the findings of fact show that on the Saturday prior to the Monday on which plaintiff filed her complaint, defendant had broken and hidden plaintiff's cell phone and heckled her. Defendant then put plaintiff in a headlock, dragged her, and banged her into a wall. When plaintiff got away from defendant, he chased her until she reached a neighbor's home to call for help. In addition, plaintiff and defendant had been in a dating relationship; plaintiff was 29 weeks pregnant with defendant's child; plaintiff and defendant had other pending domestic violence proceedings; and plaintiff believed she was in serious, immediate danger. Considering the recency and severity of de-

fendant's acts, we conclude that the trial court did not err in its conclusion that plaintiff was in "danger of acts of domestic violence" and in need of protection. *See* N.C. Gen. Stat. § 50B-2(c).

## IV. DVPO

**[5]** Defendant next argues that "the trial court erred by entering the domestic violence order of protection without any evidence to support the findings of fact or conclusions of law and where defendant was denied any opportunity to be heard[.]" Defendant first contends that

> to the extent the trial court entered the 10 March 2008 order based on the ex parte order, if this Court reverses the ex parte order, the trial court's basis for entering the 10 March 2008 order would be void, and the 10 March 2008 order should also be reversed.

Although we have not reversed the ex parte DVPO, defendant is incorrect in his argument that the DVPO is dependent upon a valid ex parte DVPO. The two orders are independent of one another, and in some situations, a DVPO pursuant to N.C. Gen. Stat. § 50B-3 is entered properly even though an ex parte order may have been denied or was never requested. In fact, Chapter 50B provides for three separate types of orders: (1) an emergency order pursuant to N.C. Gen. Stat. § 50B-2(b)[4], (2) an ex parte order pursuant to N.C. Gen. Stat. § 50B-2(c), and (3) a domestic violence protective order pursuant to N.C. Gen. Stat. § 50B-3. *See* N.C. Gen. Stat. § 50B-2; -3 (2007). The aggrieved party is not required to request an emergency or ex parte order prior to seeking entry of a DVPO. *See* N.C. Gen. Stat. § 50B-3. We must therefore consider defendant's arguments as to the DVPO of 10 March 2008, as these are independent of the issues regarding the ex parte DVPO.

---

4. N.C. Gen. Stat. § 50B-2(b) provides that "A party may move the court for emergency relief if he or she believes there is a danger of serious and immediate injury to himself or herself or a minor child. A hearing on a motion for emergency relief, *where no ex parte order is entered,* shall be held after five days' notice of the hearing to the other party or after five days from the date of service of process on the other party, whichever occurs first, provided, however, that no hearing shall be required if the service of process is not completed on the other party. If the party is proceeding pro se and does not request an ex parte hearing, the clerk shall set a date for hearing and issue a notice of hearing within the time periods provided in this subsection, and shall effect service of the summons, complaint, notice, and other papers through the appropriate law enforcement agency where the defendant is to be served." N.C. Gen. Stat. § 50B-2(b) (2007) (emphasis added).

N.C. Gen. Stat. § 50B-3(a) provides that if the trial court "finds that an act of domestic violence has occurred, the court shall grant a protective order restraining the defendant from further acts of domestic violence." N.C. Gen. Stat. § 50B-3. Again, we must first consider "whether there was competent evidence to support the trial court's findings of fact[.]" *Burress* at ——, 672 S.E.2d at 734.

For the 10 March 2008 hearing, unlike the 19 November 2007 ex parte hearing, we do have the transcript. Therefore, from the record before us, it is apparent that at the 10 March 2008 hearing, plaintiff presented absolutely *no* evidence before the trial court. The most troubling aspect of this case is that the transcript of the hearing reveals that the trial judge granted the order without hearing any evidence because he "heard it on the criminal end." In other words, because he was the judge presiding over the criminal case in which charges stemming from this incident were brought against defendant, the trial judge concluded that he need not hear any evidence regarding this civil matter.

N.C. Gen. Stat. § 1A-1, Rule 43(a) requires that "[i]n all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules." N.C. Gen. Stat. § 1A-1, Rule 43(a). Furthermore, neither the Rules of Civil Procedure nor Chapter 50B exempts hearings pursuant to N.C. Gen. Stat. § 50B-3 from the requirement that the trial court hear testimony from witnesses.

At the 14 April 2008 hearing on defendant's motion, *inter alia*, for a new trial, the trial judge stated that he had presided over the defendant's trial in criminal court and that at that trial

> we weren't beyond a reasonable doubt which is a higher standard in criminal court but in civil court but that we would be to a preponderance of the evidence. That's why I indicated at that time to the defense attorney that it would probably be appropriate that I hear the civil case so that I can enter the Order having already used a lot of Court time hearing the criminal case and indicated at that time that I would more than likely be inclined to enter that Order.

Although we appreciate the trial court's concern for judicial economy, a judge's own personal memory is not evidence. The trial court does not have authority to issue an order based solely upon the court's own personal memory of another entirely separate proceeding, and it should be obvious that the evidence which must "be taken

orally in open court" must be taken *in the case which is at bar*, not in a separate case which was tried before the same judge.[5] Appellate review of the sufficiency of the evidence to support the trial court's findings of fact is impossible where the evidence is contained only in the trial judge's memory.

Plaintiff argues that because defendant failed to file an answer to the complaint, the allegations of the complaint "became judicial admissions that required no further proof, were conclusive, and eliminated entirely any issues to be tried." Plaintiff cites no cases as authority for the proposition and bases this assertion only upon N.C. Gen. Stat. § 1A-1, Rule 8(d), which provides in pertinent part that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." N.C. Gen. Stat. § 1A-1, Rule 8(d). Plaintiff therefore asserts that the trial judge could have based the DVPO upon the allegations of the verified complaint, without hearing any additional evidence, because defendant did not file an answer denying the allegations of the complaint.

Plaintiff's argument fails for two reasons. First, the trial court specifically did not rely upon defendant's failure to answer the complaint to enter the DVPO, but instead relied upon the trial court's own personal recollection of the criminal trial. Secondly, plaintiff did not file a motion for entry of default judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 55(a) against defendant for his failure to answer. *See generally Bell v. Martin*, 299 N.C. 715, 721, 264 S.E.2d 101, 105 (1980) ("Once the default is established defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. If he wishes an opportunity to challenge plaintiff's right to recover, his only recourse is to show good cause for setting aside the default[.]" (citations and quotation marks omitted)); *Spartan Leasing v. Pollard*, 101 N.C. App. 450, 460, 400 S.E.2d 476, 482 (1991). ("The effect of an entry of default is that the defendant against whom entry of default is made is deemed to have admitted the allegations in plaintiff's complaint, G.S. § 1A-1, Rule 8(d), and is prohibited from defending on the merits of the case.").

Plaintiff further argues that the trial court could take "judicial notice of the testimony previously presented" in the criminal matter. N.C. Gen. Stat. § 8C-1, Rule 201 controls when the court may take

---

5. Certainly the transcript of testimony from the criminal trial, assuming that one existed, could have been used as evidence if the transcript had been properly offered and admitted into evidence at the DVPO hearing.

judicial notice of adjudicative facts. Rule 201 provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is· either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." N.C. Gen. Stat. § 8C-1, Rule 201. "A fact is considered indisputable if it is so well established as to be a matter of common knowledge. Conversely, a court cannot take judicial notice of a disputed question of fact." *Hinkle v. Hartsell*, 131 N.C. App. 833, 835, 509 S.E.2d 455, 458 (1998) (citation and quotation marks omitted). Plaintiff does not contend that the facts as alleged regarding defendant's acts of domestic violence were "not subject to reasonable dispute[,]" N.C. Gen. Stat. § 8C-1, Rule 201, but relies only upon the fact that the trial judge had already heard these same facts being disputed, apparently quite vigorously, in criminal court. Judicial notice is entirely inappropriate for factual issues such as those presented by this case. Accordingly, as no evidence was presented before the trial court at the 10 March 2008 hearing, there was no "competent evidence to support the trial court's findings of fact[.]" *Burress* at ——, 672 S.E.2d at 734. Therefore, we reverse the DVPO.

## V.  Conclusion

We affirm the trial court's entry of the ex parte DVPO and reverse the DVPO. As we are reversing the DVPO, we need not address defendant's other arguments.

AFFIRMED IN PART; REVERSED IN PART.

Judges ELMORE and ERVIN concur.