GEER, Judge.
 

 Plaintiff Christine Holder appeals from the district court's order dismissing her complaint and motion for a domestic violence protective
 order ("DVPO") against defendant Caleb Kunath on the grounds that the motion was a "Dueling 50B" to defendant's motion for a DVPO against plaintiff. Our review of the record reveals that the district court conducted a hearing only on defendant's motion. No hearing was held on plaintiff's motion, which was ultimately dismissed without a hearing on the grounds that plaintiff's motion was a "Dueling 50B." Because plaintiff was entitled to a hearing and the fact that plaintiff and defendant had both filed motions for DVPOs was not an adequate basis for dismissing plaintiff's motion without a hearing, we reverse the trial court's order of dismissal and remand for a hearing.
 

 Facts
 

 Plaintiff and defendant were in a dating relationship for approximately 18 months. Eventually, plaintiff and defendant ended their relationship, and on 25 August 2014, a conflict occurred between plaintiff and defendant that resulted in defendant being arrested for injury to personal property, interference with emergency communication, breaking and entering, and assault on a female. Defendant ultimately pled guilty to the charges of assault and breaking and entering.
 

 Subsequently, defendant filed a complaint and motion for a DVPO against plaintiff that was given the case number 14 CVD 209. In his complaint, defendant alleged that plaintiff intentionally forced him out of his father's
 vehicle while driving, with the intention to inflict bodily harm. The district court granted an ex parte DVPO in defendant's case against plaintiff on 2 September 2014 and sent plaintiff a notice that a hearing on defendant's DVPO would take place on 8 September 2014.
 

 Plaintiff subsequently filed her own complaint and motion for a DVPO against defendant on 3 September 2014. In her complaint, plaintiff alleged that on 25 August 2014, defendant broke into her residence, assaulted her, caused her bodily injury, terrorized her six-year-old son, and damaged the premises. Plaintiff also alleged that defendant threatened her with a knife. Plaintiff's complaint was given the file number 14 CVD 211. The district court entered an ex parte DVPO against defendant on 3 September 2014. Plaintiff's complaint and motion were also calendared for a hearing on 8 September 2014.
 

 Although both plaintiff's and defendant's motions were set for hearing on 8 September 2014, the record indicates that only defendant's motion, in 14 CVD 209, was heard. The transcript caption refers only to 14 CVD 209, with no reference to plaintiff's case against defendant, 14 CVD 211. At the hearing, the trial judge referred to defendant as the
 plaintiff, and plaintiff as the defendant. No reference was made at the hearing to plaintiff's motion for a DVPO against defendant.
 

 During the hearing on 8 September 2014, both parties appeared pro se. Defendant testified first and claimed that on 25 August 2014, he went to plaintiff's home to retrieve his belongings, but that plaintiff prevented him from doing so. Defendant also testified that plaintiff took his father's vehicle and drove it with defendant in the back of the hatch, causing damage to the vehicle and bruising defendant's ribs. On cross-examination, defendant admitted to breaking into plaintiff's residence on 25 August 2014 and to taking plaintiff's phone and throwing it. However, he denied threatening or assaulting plaintiff. Defendant also acknowledged that on or about 3 September 2014, he pled guilty to the assault and breaking and entering charges arising out of the 25 August 2014 events.
 

 Plaintiff then testified that on 25 August 2014, defendant broke into and entered her home, assaulted her, and tried to throw her through a glass coffee table. Plaintiff testified further that defendant fractured her collarbone and that these events took place in front of her six-year-old autistic son. Plaintiff also testified that the reason she took defendant's vehicle was to flee defendant. On cross-examination, plaintiff admitted to threatening defendant.
 

 At the conclusion of the hearing, the trial judge stated that since defendant was the plaintiff, he had the burden "to prove the facts to [the trial judge] by the greater weight of the evidence." Further, the trial judge indicated that he had "heard two different stories from two different people, neither of whom have-would know of any reason why either of you would not be truthful and honest about what happened." The trial judge concluded that since he could not determine who was telling him the correct version of what took place on 25 August 2014, defendant ("the plaintiff" in that proceeding) had not met his burden. Therefore, the trial judge dismissed the ex parte DVPO that was previously entered against plaintiff ("the defendant" in that 8 September 2014 proceeding).
 

 The trial judge then asked defendant whether he had pled guilty the week before the hearing to criminal charges of assault on a female and breaking and entering, and defendant stated that he had and that he had attended an anger management class. The trial judge also stated, "I assume there was restriction put on you in criminal court that you should not have contact with [plaintiff]; is that correct?," to which defendant responded, "That is correct."
 

 The transcript for the 8 September 2014 hearing indicates that the proceedings concluded at 9:43 a.m. At 10:13 a.m., the trial judge filed an order in 14 CVD 209 concluding that defendant (referred to as "the plaintiff" at the hearing) had failed to prove grounds for issuance of a DVPO and stating: "Court not able to determine whether plaintiff's
 or defendant's version of story is correct version."
 

 Nothing in the transcript or record indicates plaintiff's motion for a DVPO against defendant was ever heard or even referenced by the lower court. However, the trial judge also entered an order dismissing plaintiff's proceeding against defendant in 14 CVD 211 at the same time, 10:13 a.m., that he filed the order dismissing defendant's motion. The trial judge wrote on a generic form dismissal order not specifically intended for use in DVPO proceedings that the reason for the dismissal of plaintiff's proceeding was simply: "Dueling 50B to 14 CVD 209." The trial judge did not indicate whether the dismissal of plaintiff's motion against defendant was with or without prejudice. Plaintiff timely appealed the order to this Court.
 

 Discussion
 

 On appeal, plaintiff argues that the trial court erred by dismissing her complaint and motion for a DVPO on the basis that it was a "Dueling 50B to 14 CVD 209" without first holding an actual hearing on her motion. We agree.
 

 In
 
 Hensey v. Hennessy,
 

 201 N.C.App. 56
 
 , 67,
 
 685 S.E.2d 541
 
 , 549 (2009), this Court held that "neither the Rules of Civil Procedure nor Chapter 50B exempts hearings pursuant to N.C. Gen.Stat. § 50B-3 from the requirement that the trial court hear testimony from witnesses." This Court ruled in
 
 Hensey
 
 that the "most troubling aspect" of that case was that the hearing transcript indicated the trial judge granted a DVPO "without hearing any evidence because he 'heard it on the criminal end.' "
 

 Id.
 

 Nothing in the record indicates that the trial judge in this case held a hearing on plaintiff's motion for a DVPO against defendant. Nowhere in the transcript is it apparent that the trial judge was even aware during the hearing of plaintiff's motion or that he had two cases pending, until he entered orders dismissing both cases. Further, the hearing transcript caption identifies the file number as 14 CVD 209, with no reference to plaintiff's case, file number 14 CVD 211. In addition, during the hearing, the only case referenced was defendant's, 14 CVD 209. The trial judge never indicated that he was conducting a hearing on or receiving evidence in plaintiff's case, and he never notified plaintiff that he was
 dismissing her case prior to filing the order. The trial judge was, however, required under
 
 Hensey
 
 to actually conduct a hearing on plaintiff's motion before entering an order in that case.
 

 In addition, N.C. Gen.Stat. § 50B-2(c)(5) (2013) (emphasis added) provides that "[u]pon the issuance of an ex parte order ...
 
 a hearing shall be held
 
 within 10 days from the date of issuance of the order or within seven days from the date of service of process on the other party, whichever occurs later." Similarly, N.C. Gen.Stat. § 50B-3(b) (2013), which governs the granting of mutual DVPOs when, as here, both parties have filed motions, states that the court must ensure that "the right of each party to due process is preserved" before entering mutual orders. Under both the federal and state constitutions, "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' "
 
 Mathews v. Eldridge,
 

 424 U.S. 319
 
 , 333,
 
 96 S.Ct. 893
 
 , 902,
 
 47 L.Ed.2d 18
 
 , 32 (1976) (quoting
 
 Armstrong v. Manzo,
 

 380 U.S. 545
 
 , 552,
 
 85 S.Ct. 1187
 
 , 1191,
 
 14 L.Ed.2d 62
 
 , 66 (1965) ). Because the record is devoid of any indication that the trial judge was aware of plaintiff's motion at the time of the hearing or that any hearing was held on plaintiff's motion, plaintiff's statutory and due process rights to a hearing were violated.
 

 Additionally, the order ultimately entered by the trial judge does not provide a sufficient basis for the dismissal. The trial judge, without specifying that the dismissal was with or without prejudice, gave as the reason for the dismissal simply: "Dueling 50B to 14 CVD 209." It is not clear what specifically the trial judge was concluding. To the extent that the order can be read as concluding that simply because both parties had filed motions for a DVPO, plaintiff was not entitled to proceed, we know of no authority that would support such a conclusion.
 

 Indeed, N.C. Gen.Stat. § 50B-3(b) specifically allows a trial court to enter mutual orders to be issued if the following conditions are met:
 

 Protective orders entered, including consent orders, shall not be mutual in nature except where both parties file a claim and the court makes detailed findings of fact indicating that both parties acted as aggressors, that neither party acted primarily in self-defense, and that the right of each party to due process is preserved.
 

 Here, the trial judge indicated at the hearing on defendant's motion that he found both plaintiff's and defendant's testimony regarding the incident on 25 August 2014 to be credible, announcing that he "heard two different stories from two different people, neither of whom have
 -would know of any reason why either of you would not be truthful and honest about what happened." The trial judge then denied defendant a DVPO on the grounds that the "Court [is] not able to determine whether plaintiff's or defendant's version of story is [the] correct version."
 

 The trial judge, however, never referenced plaintiff's motion at the 8 September 2014 hearing. If he had been aware of plaintiff's motion, he could have entered mutual orders with respect to both plaintiff and defendant under N.C. Gen.Stat. § 50B-3(b) based on his belief that the parties were each credible. Having two dueling DVPO motions did not require denial of both of the motions.
 

 We cannot conclude that the trial judge would still have denied plaintiff's motion if he had understood that the dueling nature of the parties' motions did not require denial. Specifically, we note that, at the hearing on defendant's motion, the trial judge, in his questioning, made sure that an order had been entered in defendant's criminal case, barring defendant from having any contact with plaintiff. This concern that an order be in place for plaintiff's protection suggests that the trial court was likely to grant plaintiff's motion if he had applied the law as set forth in N.C. Gen.Stat. § 50B-3(b). Consequently, the trial court erred in denying plaintiff's motion based on it being a "Dueling 50B."
 

 Conclusion
 

 Accordingly, we reverse the district court's order dismissing plaintiff's motion for a DVPO. We remand to the district court for a hearing on plaintiff's motion and the entry of an appropriate order.
 

 REVERSED AND REMANDED.
 

 Judges BRYANT and TYSON concur.