IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-548

Filed 21 February 2023

Durham County, No. 21 CVD 500218

KATHRYN CHOCIEJ, Plaintiff,

v.

MARSHALL JERRY RICHBURG, Defendant.

Appeal by Plaintiff from judgment entered 5 October 2021 by Judge Doretta L. Walker in Durham County District Court. Heard in the Court of Appeals 11 January 2023.

> *Legal Aid of North Carolina, Inc., by Corey Frost, Dietrich D. McMillan, Larissa Mañón Mervin, TeAndra H. Miller, Celia Pistolis, and James Battle Morgan, Jr., for Plaintiff-Appellant.*
>
> *No brief filed on behalf of Defendant-Appellee.*

CARPENTER, Judge.

Kathryn Chociej ("Plaintiff") appeals from the trial court's dismissal of her Complaint and Motion for Domestic Violence Protective Order ("Complaint") filed against Marshall Jerry Richburg ("Defendant") and the trial court's denial of her subsequent Rule 59 Motion to Amend the Judgment or for New Trial ("Rule 59 Motion"). On appeal, Plaintiff asserts the trial court erred by granting Defendant's Motion to Dismiss the Complaint despite finding Defendant assaulted Plaintiff on two occasions. After careful review, we agree with Plaintiff. Accordingly, we reverse

and remand for entry of a Domestic Violence Protective Order ("DVPO").

## I.    Factual and Procedural Background

In 2021, Plaintiff and Defendant resided together in a dating relationship. On 31 May 2021, an altercation broke out between the couple, and Defendant assaulted Plaintiff with his fists and forehead, breaking her nose. Defendant also threw a vodka bottle and a peanut butter jar against the wall, leaving holes, and destroyed Plaintiff's television. Afterwards, Defendant apologized and promised to seek mental health treatment. On 16 June 2021, another fight broke out in the parties' bedroom. This time, Defendant assaulted Plaintiff with a belt, household objects, including a drawer and a lamp, and his forehead and fists, causing a black eye and bruises to Plaintiff's hands. When the police arrived, Defendant had already fled, but he was arrested in early July and charged with assault on a female.

After his arrest, Defendant called Plaintiff's employer to report she had wrongfully disclosed his confidential medical information to a third party. After being suspended on 16 July 2021, Plaintiff was terminated by her employer on 20 July 2021. Also on 20 July 2021—the same date as the adverse employment action—Plaintiff filed the Complaint against Defendant.

During the hearing on 5 October 2021, Plaintiff testified that Defendant assaulted her on multiple occasions, and she introduced photographs of her injuries, which the court admitted into evidence. Defendant presented no evidence. In open court, the trial court considered the duration of time between the assaults and

Plaintiff seeking DVPO relief. The trial court also noted the timing between the adverse employment action and Plaintiff's initiation of the case. Ultimately, the trial court concluded Plaintiff "failed to prove grounds for [the] issuance of a [DVPO]" and dismissed her Complaint. To support its conclusion, the court made the following findings of fact:

> Although this court believes Defendant assaulted Plaintiff on two different occasions. Court does not believe that Plaintiff would have taken out [the DVPO] if she had not been in trouble at her job for releasing to Defendant's friend his medical information. Her fear of defendant appears to have developed after she was suspended from her job due to defendant's 'harassment and vindictiveness' per Plaintiff's testimony by Defendant's calling her boss to report Plaintiff's violation of releasing his private information.

Plaintiff timely filed the Rule 59 Motion. After a hearing on 6 December 2021, the trial court denied Plaintiff's Rule 59 Motion by written order filed on 19 January 2022. Plaintiff timely appealed from both orders.

## II. Jurisdiction

This Court has jurisdiction over an appeal from both orders pursuant to N.C. Gen. Stat. § 7A-27(b) (2021).

## III. Issues

The issues on appeal are whether the trial court erred by: (1) dismissing Plaintiff's Complaint due to insufficient fear of serious bodily injury or continued

harassment after finding Defendant had assaulted Plaintiff on two occasions; and (2) denying Plaintiff's Rule 59 Motion.

## IV.    Analysis

On appeal, Plaintiff first argues the trial court erred by dismissing the Complaint where uncontroverted evidence showed Defendant assaulted Plaintiff on two occasions, and by denying relief absent a showing of fear of imminent serious bodily injury or continued harassment.  After careful review, we agree with both arguments.

"When the trial court sits without a jury [on a DVPO], the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Forehand v. Forehand*, 238 N.C. App. 270, 273, 767 S.E.2d 125, 127 (2014) (quoting *Hensey v. Hennessy,* 201 N.C. App. 56, 59, 685 S.E.2d 541, 544 (2009)).  "Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." *Ward v. Ward,* 252 N.C. App. 253, 256, 797 S.E.2d 525, 528 (2017) (internal quotations omitted), *appeal dismissed and disc. review denied* 369 N.C. 753, 800 S.E.2d 65 (2017).

A trial judge sitting without a jury must specifically find facts and state separately its conclusions of law.  N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P. 52(a)(1) (2021).  "Evidence must support findings; findings must support conclusions; conclusions must support the judgment. . . . [E]ach link in the chain of reasoning must

appear in the order itself." *Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980).

"Domestic violence" has been defined by our Legislature as:

> the commission of one or more of the following acts upon an aggrieved party or upon a minor child residing with or in the custody of the aggrieved party by a person with whom the aggrieved party has or has had a personal relationship, but does not include acts of self-defense:
> (1) Attempting to cause bodily injury, or intentionally causing bodily injury; or
> (2) Placing the aggrieved party or a member of the aggrieved party's family or household in fear of imminent serious bodily injury or continued harassment, as defined in [N.C. Gen. Stat. §] 14-277.3A, that rises to such a level as to inflict substantial emotional distress; or
> (3) Committing any act defined in [N.C. Gen. Stat. §§] 14-27.21 through . . . 14-27.33.

N.C. Gen. Stat. § 50B-1(a) (2021). Each subsection of the statute—separated by the disjunctive conjunction, "or"—independently and sufficiently constitutes an act of domestic violence under North Carolina law. *See Rudder v. Rudder*, 234 N.C. App. 173, 180, 759 S.E.2d 321, 326 (2014) ("The statute thus specifies several alternative ways in which one may commit an act of domestic violence."). A showing of "fear of imminent serious bodily injury or continued harassment" is not required where a defendant intentionally causes bodily injury or attempts to cause bodily injury upon the aggrieved party. *See* N.C. Gen. Stat. § 50B-1(a).

Upon a finding that "one or more" acts of domestic violence have occurred between individuals with a sufficient past or present "personal relationship[,]" N.C.

Gen. Stat. § 50B-1, "the court *shall* grant a protective order . . . ." N.C. Gen. Stat. § 50B-3(a) (emphasis added). When subsections (a) and (b) of N.C. Gen. Stat. § 50B-1 are satisfied, the issuance of a DVPO is mandatory, not discretionary. *See D.C. v. D.C.*, 279 N.C. App. 371, 373 n.2, 865 S.E.2d 889, 890 n.2 (2021) ("[I]f a trial court determines that an act qualifying as domestic violence occurred, the trial court is required to issue a DVPO.").

Here, the parties were in a cohabitating dating relationship at the time of the incidents, which constitutes a "personal relationship" within the meaning of the statute. *See* N.C. Gen. Stat. § 50B-1(b)(6) ("persons . . . who are in a dating relationship or have been in a dating relationship."). In the 5 October 2021 order dismissing the Complaint, the trial court explicitly found, based upon competent and uncontroverted evidence, that "Defendant assaulted Plaintiff on two different occasions." The finding that Defendant committed two separate assaults against Plaintiff is irreconcilable with the trial court's conclusion that Plaintiff "failed to prove grounds for issuance of a [DVPO]." *See Forehand*, 238 N.C. App. at 273, 767 S.E.2d at 127. At minimum, the trial court's finding of two separate assaults based upon the evidence presented necessitates the conclusion that Defendant "[a]ttempt[ed] to cause bodily injury" to Plaintiff. *See* N.C. Gen. Stat. § 50B-1(a)(1). Accordingly, we reverse and remand for entry of a DVPO, inclusive of any relief set forth in N.C. Gen. Stat. § 50B-3(a) that the trial court deems appropriate under the facts of this case.

Having concluded the trial court reversibly erred by dismissing Plaintiff's request for a DVPO, we do not reach the issue of whether the trial court abused its discretion in denying Plaintiff's Rule 59 Motion, wherein Plaintiff sought the same relief under a more exacting standard.

## V. Conclusion

In sum, because the trial court found that one or more acts of domestic violence occurred between two individuals with a sufficient personal relationship, the trial court lacked discretion to deny Plaintiff's request for a DVPO. *See D.C.*, 279 N.C. App. at 373, 865 S.E.2d at 890. Accordingly, we reverse the trial court's dismissal of the Complaint and remand for entry of a DVPO. On remand, the trial court should consider all potential relief set forth in N.C. Gen. Stat. § 50B-3(a) and grant any such relief the trial court deems appropriate under the facts of this case.

REVERSED AND REMANDED.

Judges MURPHY and GRIFFIN concur.