An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-484

Filed 4 March 2026

Caldwell County, No. 24CVD000991-130

TAWANNA COOK, Plaintiff,

v.

STEVEN MONTGOMERY, Defendant.

Appeal by defendant from order entered 9 September 2024 by Judge David W. Aycock in Caldwell County District Court. Heard in the Court of Appeals 11 February 2026.

> *Legal Aid of North Carolina, Inc., by Kyle D. Coffino, TeAndra H. Miller, James Battle Morgan, Jr., Jonathan C. Perry, and Celia Pistolis for plaintiff-appellee.*
>
> *Hering Koenig PLLC, by Gordon D. Speckhard and Daniel W. Koenig for defendant-appellant.*

DILLON, Chief Judge.

Defendant Steven Montgomery appeals from the 9 September 2024 trial court's entry of a domestic violence protection order ("DVPO") pursuant to the timely and proper filing of a Rule 59 motion. Defendant also appeals from the trial court's denial of his motions pursuant to Rule 59 and Rule 60.

Plaintiff Tawanna Cook filed a motion styled a "Motion to Dismiss [the] Appeal and Remand to District Court for a New Trial." In the Motion, Plaintiff, the appellee, concedes that the order being appealed lacks sufficient findings and essentially prays that our Court vacate the order being appealed and remand the matter for a new trial. Indeed, the DVPO being appealed does not contain findings, as required by Rule 52(a) of our Rules of Civil Procedure, but merely states "See Complaint." *See* N.C.G.S. § 1A-1, Rule 52(a) ("In all actions tried upon the facts without a jury . . . the court shall find the facts[.]"); *see also Williams v. Cabrera*, 298 N.C. App. 611, 615 (2025) (holding the incorporation of the plaintiff's complaint as a further finding of fact is permitted in an ex parte DVPO but trial court must comply with strictures of Rule 52 in a one-year DVPO); *Hensey v. Hennessy*, 201 N.C. App. 56, 62 (2009) (stating the Rules of Civil Procedure apply in all civil proceedings, including a domestic action under Chapter 50B). Further, when a trial court does not make "adequate and sufficient findings to support its conclusions, this Court must vacate the order and remand for further proceedings." *Shomette v. Needham*, 298 N.C. App. 400, 406 (2025).

Defendant, the appellant, consents to Plaintiff's motion and we agree. Thus, we grant Plaintiff's motion, vacating the DVPO order and remanding the matter to the trial court for a new trial.

VACATED AND REMANDED.

Judges FLOOD and FREEMAN concur.

Report per Rule 30(e).