LINDA RAMSEY AND ERIN KNOX, PLAINTIFFS v. CINDIE HARMAN, DEFENDANT

No. COA07-1536

(Filed 17 June 2008)

**Stalking— comments posted on website—evidence not sufficient**

The trial court's finding that defendant "stalked" plaintiffs in violation of N.C.G.S. § 50C-1 by posting messages on a website was not supported by any competent evidence and was vacated.

Appeal by defendant from order entered 7 September 2007 by Judge Thomas G. Foster, Jr. in Madison County District Court. Heard in the Court of Appeals 15 May 2008.

*Robert J. Deutsch, P.A., by Robert J. Deutsch and Tikkun A.S. Gottschalk, for plaintiff-appellees.*

*Goldsmith, Goldsmith & Dews, P.A., by C. Frank Goldsmith, Jr., for defendant-appellant.*

TYSON, Judge.

Cindie Harman ("defendant") appeals from entry of a No-Contact Order For Stalking Linda Ramsey and her minor child, Erin Knox (collectively, "plaintiffs"). We vacate the trial court's order.

## I.  Background

On 27 August 2007, plaintiffs filed a complaint against defendant for "stalking" and sought issuance of a civil no-contact order. Plaintiffs alleged defendant had "posted information on her website stating that Erin Knox [Linda Ramsey's daughter] harasses other children and accused [Erin Knox] of being the reason kids hate to go to school." Plaintiffs also alleged that on numerous occasions defendant had referred to Erin Knox on her website as "endangered," "offspring," "bully," and "possum," which caused Erin Knox to suffer emotional distress. At the hearing, defendant admitted publishing the following message on her website:

> With all the bulling [sic] and harassing that goes on in our school system. Then the trouble that went on Friday at Madison Middle. The first student in that age group that came to mind was Linda Knox's daughter. Wasn't this the student that harassed the

Cantrell child? And we wonder why some kids hate to go to school. . . .

Defendant's website also featured: (1) a voice recording of plaintiffs' deceased mother and grandmother and (2) references to Linda Ramsey as being a "crow," "idiot," and "wack."

Plaintiffs sought a temporary civil no-contact order to be issued *ex parte* in order to protect Erin Knox from continued harassment. On 28 August 2007, the trial court granted plaintiffs' request and ordered defendant to cease entering comments on her website regarding Erin Knox or other members of plaintiffs' family.

On 7 September 2007, defendant filed a motion to dismiss and asserted the trial court's order violated her First Amendment rights to freedom of speech and the Communications Decency Act found at 47 U.S.C. § 203. Later that day, a hearing was held. Both parties testified and presented evidence. The trial court reviewed several of plaintiffs' exhibits including the following "blog" written by defendant and published on her website on 7 May 2007:

> If anyone retaliates against anyones [sic] children—Let me know—I will report it and follow up at the state level—This is all the more reason to do this.

> Why do you think there is so much of a problem at the schools—when it comes to bullying? Because these children watch their parents. Fine example Linda Ramsey—one of the biggest bullys [sic] in this county. She gets it honest . . .

> She learned from her mother and now she is teaching her daughter the ropes. This is fact and this county knows it. [] But it is going to stop and if you want change—WRITE THE LETTERS. . . . CH

The trial court found that defendant had harassed plaintiffs within the meaning of N.C. Gen. Stat. § 50C-1(6) and (7) and issued a civil no-contact order against defendant based, *inter alia*, upon the preceding message. Defendant was ordered to: (1) cease "cyber-stalking" plaintiffs; (2) cease harassment of plaintiffs; and (3) not contact plaintiffs by telephone, written communication, or electronic means. Defendant appeals.

## II. Issues

Defendant argues the trial court erred by: (1) finding defendant had violated N.C. Gen. Stat. § 50C-1; (2) violating her First

Amendment constitutional and federal statutory rights of freedom of speech and of the press; and (3) conducting defendant's trial in a closed session.

### III.  N.C. Gen. Stat. § 50C-1

Defendant argues the trial court erred by finding defendant had "stalked" plaintiffs as defined by N.C. Gen. Stat. § 50C-1 and entering the civil no-contact order. We agree.

### A.  Standard of Review

"A trial judge, sitting without a jury, acts as fact finder and weigher of evidence. Accordingly, if [the] findings are supported by competent evidence, they are binding on appeal, although there may be evidence that may support findings to the contrary." *Southern Bldg. Maintenance v. Osborne*, 127 N.C. App. 327, 331, 489 S.E.2d 892, 895 (1997) (citation omitted).

### B.  Analysis

### 1.  Stalking

"Stalking" is statutorily defined as:

On more than one occasion, following or otherwise harassing, as defined in G.S. 14-277.3(c), another person without legal purpose with the intent to do any of the following:

a. Place the person in reasonable fear either for the person's safety or the safety of the person's immediate family or close personal associates.

b. Cause that person to suffer substantial emotional distress by placing that person in fear of death, bodily injury, or continued harassment and *that in fact causes that person substantial emotional distress.*

N.C. Gen. Stat. § 50C-1(6) (2007) (emphasis supplied).

Here, the trial court's sole finding of fact in its order stated: "Defendant has harassed plaintiffs within the meaning of [N.C. Gen. Stat. §] 50C-1(6) and (7) by knowingly publishing electronic or computerized transmissions directed at plaintiffs that torments, terrorizes, or terrifies plaintiffs and serves no legitimate purpose[.]" The trial court correctly articulated the definition of harassment pursuant to N.C. Gen. Stat. § 14-277.3(c) ("[f]or the purposes of this section, the term 'harasses' or 'harassment' means knowing con-

RAMSEY v. HARMAN

[191 N.C. App. 146 (2008)]

duct, including . . . computerized or electronic transmissions, directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose."). However, a finding of harassment alone, even if supported by competent evidence, cannot be the sole basis to sustain entry of a civil no-contact order under N.C. Gen. Stat. § 50C-1(6).

## 2. Specific Intent

The statute requires the trial court to further find defendant's harassment was accompanied by the specific intent to either: (1) place the person in fear for their safety, or the safety of their family or close personal associates or (2) cause the person substantial emotional distress by placing that person in fear of death, bodily injury, or continued harassment and in fact cause that person substantial emotional distress. N.C. Gen. Stat. § 50C-1(6).

During the hearing, the trial court explicitly stated: "Any words or language threatening to inflict bodily harm, we don't have that, or physical injury, we don't have that[.]" Based upon the preceding statement, the trial court eliminated either of these grounds as a basis for the order. The only remaining ground to support the order would be that defendant had *intended to cause and in fact caused* plaintiffs to suffer substantial emotional distress from continued harassment. (Emphasis supplied).

This Court has previously interpreted what evidence is sufficient to establish the defendant intended to and in fact caused the plaintiff to suffer substantial emotional distress from continued harassment in the context of domestic violence protective orders. *See Wornstaff v. Wornstaff,* 179 N.C. App. 516, 634 S.E.2d 567 (2006), *aff'd without precedential value,* 361 N.C. 230, 641 S.E.2d 301 (2007). Even if *Wornstaff* were to have precedential value, its holding would not be particularly instructive based upon the very different factual backgrounds present in that case and the case at bar. *Id.*

N.C. Gen. Stat. § 50C-1(6) has only once been interpreted by this Court. *See Williams v. Vonderau,* 181 N.C. App. 18, 638 S.E.2d 644, *aff'd in part and rev'd in part,* 362 N.C. 76, 653 S.E.2d 144 (2007). In *Vonderau,* the central issues before this Court were: (1) whether an appeal of an entry of a civil no-contact order was moot based upon the expiration of the order prior to the appeal being heard and (2) whether the statute required more than one instance of harassment prior to entry of the order. *Id.* Neither *Wornstaff* nor

*Vonderau* provide substantial guidance on how to interpret N.C. Gen. Stat. § 50C-1(6) based upon the facts and issues presently before us.

### 3. Statutory Construction

The dispositive issue in this case is whether any evidence was presented to show defendant intended to and in fact caused plaintiffs to suffer substantial emotional distress. We note that our Supreme Court has defined "severe emotional distress" in the context of an action for negligent infliction of emotional distress and intentional infliction of emotional distress. *See Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990) ("In th[e] context [of negligent infliction of emotional distress], the term 'severe emotional distress' means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so."); *Dickens v. Puryear*, 302 N.C. 437, 446-47, 276 S.E.2d 325, 331 (1981) (internal quotation omitted) (Liability arises under th[e] tort [of intentional infliction of emotional distress] when a defendant's conduct exceeds all bounds usually tolerated by decent society and the conduct causes mental distress of a very serious kind.").

However, neither the statue nor our prior case law defines "substantial emotional distress." We turn to the rules of statutory construction to decide this issue. Because our General Assembly chose not to define "substantial emotional distress," these terms must be given their plain meaning. *See State v. Thompson*, 157 N.C. App. 638, 644-45, 580 S.E.2d 9, 13 (citation omitted) ("[I]n construing a statute, undefined words should be given their plain meaning if it is reasonable to do so."), *disc. rev. denied*, 357 N.C. 469, 587 S.E.2d 72 (2003).

"Substantial" is defined as "considerable in [] value, degree, amount or extent[.]" *American Heritage Dictionary* 1727 (4th ed. 2000). *Black's Law Dictionary* defines emotional distress as "[a] highly unpleasant mental reaction (such as anguish, grief, fright, humiliation, or fury) that results from another person's conduct." *Black's Law Dictionary* 563 (8th ed. 2004). Applying the plain meaning of these terms, we hold that no substantial evidence was presented that tended to showed defendant intended to and in fact caused plaintiffs to suffer substantial emotional distress to warrant issuance of a civil no-contact order.

RAMSEY v. HARMAN

[191 N.C. App. 146 (2008)]

While Linda Ramsey's self-serving testimony indicated that she felt "threatened" by the messages, the trial court expressly stated the messages posted on defendant's website did not contain language "threatening to inflict bodily harm" or "physical injury." Plaintiffs' only other assertion was that Erin Knox became "embarrassed" when she had allegedly observed teachers viewing defendant's website in her school's library. Other evidence tended to show that access to defendant's website had been blocked at Erin Knox's school, which would make plaintiffs' contention implausible.

Further, during the hearing, defendant testified that she had "never had any communication with Linda Ramsey or her daughter[]" and the evidence shows Erin Knox's name had not been specifically mentioned on defendant's website. Defendant further explained that she had posted the 7 May 2007 "blog" in retaliation for: (1) messages posted by plaintiff Linda Ramsey on "madisonspeaks", a rival political commentary website and (2) an alleged threatening phone call defendant had received from plaintiffs' mother and grandmother. None of this evidence was contradicted.

Here, the record is wholly devoid of any evidence that tends to show the messages published on defendant's website were intended to and in fact caused plaintiffs to suffer "substantial emotional distress" as is required by N.C. Gen. Stat. § 50C-1(6). We also note the trial court failed to enter any findings of fact or conclusions of law regarding "substantial emotional distress" for either plaintiff. *Id.*

Without condoning the language used on defendant's website, the statute does not allow parties to implicate and interject our courts into juvenile hurls of gossip and innuendo between feuding parties where no evidence of any statutory ground is shown to justify entry of a no-contact order. Because the trial court's sole finding of fact does not compel a conclusion that defendant "stalked" plaintiffs in accordance with N.C. Gen. Stat. § 50C-1, the order appealed from is vacated. *Woodring v. Woodring*, 164 N.C. App. 588, 593, 596 S.E.2d 370, 374 (2004).

In light of our holding, it is unnecessary to and we do not address defendant's remaining assignments of error. See *State v. Wallace*, 49 N.C. App. 475, 484-85, 271 S.E.2d 760, 766 (1980) (citations omitted) ("If the case can be decided on one of two grounds, one involving a constitutional question, the other a question of lesser importance, the latter alone will be determined. The Court will not decide questions

of a constitutional nature unless absolutely necessary to a decision of the case.").

## IV.  Conclusion

The trial court's finding of fact that defendant "stalked" plaintiffs in violation of N.C. Gen. Stat. § 50C-1 by posting messages on a website is not supported by any competent evidence. The trial court's order is vacated.

Vacated.

Judges McCULLOUGH and STROUD concur.