KATHLEEN M. KENNEDY, PLAINTIFF v. BARRY C. MORGAN, DEFENDANT

No. COA11-1392

(Filed 5 June 2012)

**Domestic Violence—protective order—harassment—finding not supported—no act of domestic violence**

The trial court erred in entering a domestic violence protective order against defendant. The trial court's finding of fact that defendant hired a private investigation service for surveillance purposes did not support its finding of "harassment" and did not support its conclusion of law as to an act of domestic violence.

Appeal by defendant from order entered 28 July 2011 by Judge Margaret Sharpe in District Court, Guilford County. Heard in the Court of Appeals 25 April 2012.

*Brock, Payne & Meece, P.A., by Barri Hilton Payne, for defendant-appellant.*

*No plaintiff-appellee brief filed.*

STROUD, Judge.

Defendant appeals a domestic violence order of protection. For the following reasons, we reverse.

### I. Background

On 17 June 2011, plaintiff filed a "COMPLAINT AND MOTION FOR DOMESTIC VIOLENCE PROTECTIVE ORDER[.]" On 28 July

2011, the trial court held a hearing which was at times a free-for-all which often failed to conform to many of the North Carolina Rules of Evidence. In summary, the actual relevant evidence presented by plaintiff showed that for a few nights in June of 2011, "a black man in a white SUV" was parked on the public street in front of plaintiff's home. Plaintiff believed that defendant, her ex-husband, was responsible for the presence of the man and perhaps, based upon threats he had made to her while married, that defendant had even sent the man to rape her. Defendant presented evidence that he had hired a private investigative service ("PI service") to monitor whether plaintiff was co-habiting because defendant was informed by his attorney that he might be able to terminate alimony payments if he could establish that plaintiff was co-habiting with another individual. Defendant's evidence showed that the PI service was professional, had not broken any laws, and that its investigators had not been on plaintiff's property or approached the individuals residing in the plaintiff's home.

On 29 July 2011, the trial court entered a "DOMESTIC VIOLENCE ORDER OF PROTECTION" ("DVPO") against defendant based entirely upon the following finding of fact:

On . . . . 6/11-6/15, the defendant

. . . .

placed in fear of continued harassment that rises to such a level as to inflict substantial emotional distress the plaintiff . . .

. . . .

by . . .

[a]fter a long history of abuse plaintiff separated from the defendant and finished counseling through family circumstances, she remains afraid of the defendant who tries to intimidate her—surveillance on her house at late hours, making the plaintiff and her neighbors apprehensive[.]

The trial court concluded that based on its finding of fact "[t]he defendant has committed acts of domestic violence against the plaintiff." Defendant appealed.

## II. Standard of Review

When the trial court sits without a jury regarding a DVPO, the standard of review on appeal is whether there was compe-

KENNEDY v. MORGAN

[221 N.C. App. 219 (2012)]

tent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Where there is competent evidence to support the trial court's findings of fact, those findings are binding on appeal.

*Hensey v. Hennessy*, 201 N.C. App. 56, 59, 685 S.E.2d 541, 544 (2009) (citations and brackets omitted).

## III. DVPO

Defendant contends that the trial court erred in entering a DVPO against him.

A. DVPOs Generally

Any person residing in this State may seek relief under . . . Chapter [50B] by filing a civil action or by filing a motion in any existing action filed under Chapter 50 of the General Statutes alleging acts of domestic violence against himself or herself or a minor child who resides with or is in the custody of such person.

N.C. Gen. Stat. § 50B-2(a) (2011). "If the court . . . finds that an act of domestic violence has occurred, the court shall grant a protective order restraining the defendant from further acts of domestic violence." N.C. Gen. Stat. § 50B-3(a) (2011).

Domestic violence means the commission of one or more of the following acts upon an aggrieved party or upon a minor child residing with or in the custody of the aggrieved party by a person with whom the aggrieved party has or has had a personal relationship, but does not include acts of self-defense:

(1) Attempting to cause bodily injury, or intentionally causing bodily injury; or

(2) Placing the aggrieved party or a member of the aggrieved party's family or household in fear of imminent serious bodily injury or continued harassment, as defined in G.S. 14-277.3A, that rises to such a level as to inflict substantial emotional distress; or

(3) Committing any act defined in G.S. 14-27.2 through G.S. 14-27.7.

N.C. Gen. Stat. § 50B-1(a) (2011).

Here, plaintiff did not allege that defendant had attempted to cause or intentionally caused her bodily injury or that he had com-

mitted an act defined in N.C. Gen. Stat. §§ 14-27.2 through 14-27.7. *See id.* The trial court found that defendant had placed plaintiff "in fear of continued harassment that rises to such a level as to inflict substantial emotional distress[.]" *See* N.C. Gen. Stat. § 50B-1(a)(2). Thus, under the facts presented in this situation, under N.C. Gen. Stat. § 50B-1(a)(2), a conclusion of law that an act of domestic violence has occurred required evidence and findings of the following: (1) Defendant "has or has had a personal relationship," as defined by N.C. Gen. Stat. § 50B-1(b), with plaintiff;[1] (2) defendant committed one or more acts upon plaintiff or "a minor child residing with or in the custody of" plaintiff; (3) the act or acts of defendant placed plaintiff "or a member of . . . [her] family or household in fear of imminent serious bodily injury *or* continued harassment, as defined in G.S. 14-277.3A[;]" and (4) the fear "rises to such a level as to inflict substantial emotional distress[.]" *See* N.C. Gen. Stat. § 50B-1 (2011).

Chapter 50B does not define "harassment[,]" but N.C. Gen. Stat. § 50B-1(a)(2) refers to N.C. Gen. Stat. § 14-277.3A which defines "harassment" as "[k]nowing conduct . . . directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose." N.C. Gen. Stat. § 14-277.3A(b)(2) (2011). Thus, to support a conclusion of law that an act of domestic violence has occurred due to "harassment," as in this situation, there must also be evidence and findings of fact that defendant's acts (1) were knowing, (2) were "directed at a specific person[,]" here, plaintiff, (3) tormented, terrorized, or terrified the person, here again, plaintiff, and (4) served no legitimate purpose. *See id.*

B. DVPO Analysis

Defendant argues that "the trial court erred in finding that there was competent evidence to support a finding of fact that defendant placed plaintiff in fear of continued harassment that rises to such a level as to inflict substantial emotional distress[.]" (Original in all caps.) Defendant contends that there was no basis for the finding that he placed plaintiff "in fear of continued harassment[.]" The trial court found as fact that

[o]n . . . . 6/11-6/15, the defendant

. . . .

---

1. There was no dispute as to the personal relationship element, as plaintiff and defendant were divorced and had children in common. *See* N.C. Gen. Stat. § 50B-1(b).

[p]laced in fear of continued harassment that rises to such a level as to inflict substantial emotional distress the plaintiff . . .

. . . .

[b]y . . .

[a]fter a long history of abuse plaintiff separated from the defendant and finished counseling through family circumstances, she remains afraid of the defendant who tries to intimidate her—surveillance on her house at late hours, making the plaintiff and her neighbors apprehensive[.]

Thus, we must determine if the evidence supports the trial court's finding of fact, and then if the finding of fact supports the conclusion of law that defendant committed an act of domestic violence against plaintiff. *See Hensey*, 201 N.C. App. at 59, 685 S.E.2d at 544.

Although the trial court found that plaintiff had suffered "a long history of abuse" from defendant, most of the evidence as to the "history of abuse" appears to have occurred during the parties' marriage. Plaintiff testified regarding a few other acts of "abuse" by defendant since their divorce, arising mostly from disputes surrounding defendant's visitation with the minor children, but the specific facts and dates are unclear as to these allegations; furthermore, it is clear that defendant's recent act of hiring a PI service, and not the "history of abuse[,]" was the basis for the trial court's decision to enter the DVPO, as this was the only "act of domestic violence" found. N.C. Gen. Stat. § 50B-3(a). Although we appreciate that a "history of abuse" may at times be quite relevant to the trial court's determination as to whether a recent act constitutes "domestic violence," a vague finding of a general "history of abuse" is not a finding of an "act of domestic violence" as defined by N.C. Gen. Stat. § 50B-3(a). *Id.*

To support entry of a DVPO, the trial court must make a conclusion of law "that an act of domestic violence has occurred."[2] N.C. Gen. Stat. § 50B-3(a). The conclusion of law must be based upon the findings of fact. *See Hensey*, 201 N.C. App. at 59, 685 S.E.2d at 544.

2. Although N.C. Gen. Stat. § 50B-3(a) states that the trial court must "find" that an act of domestic violence has occurred, in fact this is a conclusion of law; the trial court must make findings of fact based upon the definition of domestic violence to support this conclusion; form AOC-CV-306, Rev. 8/09 entitled "DOMESTIC VIOLENCE ORDER OF PROTECTION[,]" correctly identifies this as the conclusion of law required under N.C. Gen. Stat. § 50B-3(a), and the trial court made this conclusion of law here by checking the appropriate box on form AOC-CV-306, Rev. 8/09.

While the trial court need not set forth the evidence in detail it does need to make findings of ultimate fact which are supported by the evidence; the findings must identify the basis for the "act of domestic violence." N.C. Gen. Stat. § 50B-3(a); *see In re Estate of Mullins*, 182 N.C. App. 667, 671, 643 S.E.2d 599, 602, *disc. review denied*, 361 N.C. 693, 652 S.E.2d 262 (2007) ("The trial court need not recite in its order every evidentiary fact presented at hearing, but only must make specific findings on the ultimate facts that are determinative of the questions raised in the action and essential to support the conclusions of law reached. Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense." (citations, quotation marks, and ellipses omitted)). The trial court found as a fact that defendant hired a PI service to conduct surveillance on plaintiff's house; this was the only "act" of the defendant found by the trial court. N.C. Gen. Stat. § 50B-3(a). The trial court did not find that defendant had hired the "black man in a white SUV" to "stalk[,]" or rape plaintiff or as a pretext to harass plaintiff instead of for actual surveillance services, as plaintiff claimed. Although it is understandable that a person may not appreciate being subjected to surveillance by a PI service, surveillance in and of itself, if properly conducted, in this situation, does not support a finding of "harassment" with no "legitimate purpose." *See* N.C. Gen. Stat. § 14-277.3A(b)(2); *see also* N.C. Gen. Stat. § 50B-1(a)(2).

The finding of fact notes that the surveillance was conducted "at late hours" which also indicates that the trial court found defendant's testimony, in this regard, credible, as defendant claimed he had hired the PI service to see if plaintiff was co-habiting with another individual for alimony purposes, which would normally require overnight surveillance. The finding of fact further notes that plaintiff's "neighbors [were] apprehensive[,]" but this is irrelevant as "the aggrieved party or a member of the aggrieved party's family or household" are the only people the trial court may consider in issuing a DVPO pursuant to N.C. Gen. Stat. § 50B-1(a)(2). N.C. Gen. Stat. § 50B-1(a)(2).

In addition, the "act" of hiring a PI service for surveillance, based upon the finding of the trial court, is not in and of itself enough to support its finding of "substantial emotional distress." N.C. Gen. Stat. §§ 50B-1(a)(2), -3(a); *see* N.C. Gen. Stat. § 14-277.3A(b)(4) (2011). The only statement within the finding of fact at issue which could possibly indicate "substantial emotional distress" on the part of plaintiff is the trial court's description of her as "afraid" and "apprehensive[.]" But the fact that plaintiff may have been "afraid" or "apprehensive"

because of defendant's actions does not necessarily support a determination of domestic violence. *See Smith v. Smith*, 145 N.C. App. 434, 437-38 n.2, 549 S.E.2d 912, 914-15 n.2 (2001) ("[T]he trial court found as fact that Plaintiff testified Defendant's actions made her feel uncomfortable and creepy. The trial court also found as fact that Plaintiff testified Defendant had never physically hurt her, nor was she afraid that he would physically hurt her. These findings of fact which show Defendant's conduct caused Plaintiff to feel uncomfortable but did not place her in fear of bodily injury do not support a conclusion Defendant placed Plaintiff in fear of serious imminent bodily injury." The Court further noted in footnote 2, "We acknowledge the trial court found as fact that Defendant placed Plaintiff in actual fear of imminent serious bodily injury; however, this finding by the trial court was based on actions by Defendant that Plaintiff herself testified did not cause her fear of physical harm. Thus, this finding by the trial court cannot support its conclusion Plaintiff was placed in fear of imminent serious bodily injury." (quotation marks and brackets omitted)).

Based upon the evidence presented and findings of fact made by the trial court, defendant's act of hiring a PI service to conduct surveillance in order to determine if plaintiff was co-habiting is not "[k]nowing conduct . . . directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose." N.C. Gen. Stat. § 14-277.3A(b)(2). As no further evidence was presented by plaintiff of "an act of domestic violence" on the part of defendant, there was no other evidence for the trial court to consider. As there was no "harassment" and thus no "act[,]" the evidence and findings of fact do not support the trial court's conclusion of law that defendant committed an act of domestic violence. *See* N.C. Gen. Stat. §§ 14-277.3A(b)(2), 50B-1(a)(2), 50B-3.

## IV. Conclusion

In conclusion, the trial court's finding of fact that defendant hired a PI service for surveillance purposes does not support its finding of "harassment" and does not support its conclusion of law as to an act of domestic violence. As such, the DVPO must be reversed. As we are reversing the DVPO we need not address defendant's other contentions on appeal regarding evidentiary errors during the hearing.

REVERSED.

Judges HUNTER, Robert C. and ERVIN concur.