DAVIS, Judge.
Sierra Pharr ("Ms. Pharr") appeals from the trial court's entry of a Domestic Violence Protective Order ("DVPO") against her. On appeal, she argues that no competent evidence supported the trial court's findings of fact that the victim, Sterling Walker ("Mr. Walker"), was placed in fear of continued harassment rising to the level of substantial emotional distress. After careful review, we vacate the trial court's order.
Factual and Procedural Background
On 5 April 2016, Ms. Pharr filed a "Complaint and Motion for Domestic Violence Protective Order" against Mr. Walker in Wake County District Court. In her complaint, Ms. Pharr alleged, in pertinent part, as follows:
Mr. Walker has continuously stalked me at my job, home in VA, & NC. On the late evening of 4/8 Mr. Walker strangled me by placing his hands over my neck. He sat outside my home. After being arrested in another state, and a emergency protective order was served and it stated no to come to my job in NC he did any way and sat in his car across the street. He stuck [illegible] his middle finger & used profanite. He was charged with (M) stalking. Then after [illegible] violate conditions
On 7 April 2016, Mr. Walker filed a "Complaint and Motion for Domestic Violence Protective Order" against Ms. Pharr. In his complaint, Mr. Walker alleged as follows:
[Ms. Pharr] harass me all the time text messages phone calls, voicemails, threats left on my voicemail even text messages ... Change my number she found it some how and still harass me even told me she gone Punch me run off the Road
On 7 April 2016, the trial court entered an order refusing to issue an ex parte DVPO in favor of Mr. Walker, concluding that he "failed to prove grounds for ex parte relief." On 15 April 2016, an ex parte DVPO was issued in favor of Ms. Pharr, stating that on 8 April 2016 "[Mr. Walker] attempted to strangle [Ms. Pharr] after waiting at her home and calling [sic] threatening to assault her; [Mr. Walker] got arrested in Court on 4/14/16 for stalking [Ms. Pharr], and bonded out and went to [Ms. Pharr's] job saying 'what's up b[***]h' violating his release conditions[.]" The ex parte order required Mr. Walker to stay 100 yards away from Ms. Pharr.
Both parties' motions were consolidated for hearing on 25 April 2016 before the Honorable Jefferson Griffin in Wake County District Court. At the hearing, Mr. Walker was represented by counsel while Ms. Pharr appeared pro se . Both Mr. Walker and Ms. Pharr testified at the hearing. At the close of the hearing, the trial court stated as follows:
All right. In 16 CVD 4089, plaintiff, Sterling Walker, defendant, Sierra Pharr, I'm going to grant a protective order. I'm going to order the defendant not assault, threaten, abuse, follow, harass or interfere with the plaintiff. The same applies to-well, the defendant shall not threaten members of the plaintiff's family or household.
Defendant shall stay away from the plaintiff's residence or any place where the plaintiff receives temporary shelter. Defendant shall stay away from where the plaintiff works. Defendant shall stay at least one hundred yards away from the plaintiff at all times.
Defendant is prohibited from possessing, receiving, or purchasing a firearm for the period of this order. If you have a concealed handgun permit, it's suspended. If you have any firearms, ammunition or gun permits, they need to be turned over to the sheriff.
This will be a year-long, no-contact order. There should be no contact between the parties, direct or indirect, except through an attorney. That's anything. No contact. You have no children. You don't live together. There should be no contact whatsoever between you all.
All right. Again, that will be valid until April 25th, 2017.
In 16 CVD 04872, I'm going to find that the plaintiff has failed to prove grounds for issuance of a domestic violence protective order. That's the plaintiff, Sierra Pharr, defendant, Sterling Walker. The action is dismissed, and any ex parte order that had been issued is null and void.
It sounds like y'all should have no contact through a bunch of different means. Sounds like there's criminal stuff pending, too. But that's the order of The Court.
The trial court made the following findings of fact on the DVPO form order in file number 16 CVD 4089:
[T]he defendant
...
placed in fear of continued harassment that rises to such a level as to inflict substantial emotional distress ... the plaintiff ...
....
by ...
Defendant continuously calls, texts, and drives by the work of Plaintiff. Plaintiff has threatened to have the Defendant arrested several times.[1]
(Footnote added). Based on these findings,[2] the trial court made the following pertinent conclusion of law:
1. The defendant has committed acts of domestic violence against the plaintiff.
Ms. Pharr filed a timely written notice of appeal.
Analysis
On appeal, Ms. Pharr primarily argues that no competent evidence supported the trial court's finding that Mr. Walker suffered "substantial emotional distress" as a result of Ms. Pharr's actions. "When the trial court sits without a jury regarding a DVPO, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Where there is competent evidence to support the trial court's findings of fact, those findings are binding on appeal." Hensey v. Hennessy , 201 N.C. App. 56, 59, 685 S.E.2d 541, 544 (2009) (citation and brackets omitted).
This Court has held that "[t]o support entry of a DVPO, the trial court must make a conclusion of law that an act of domestic violence has occurred." Kennedy v. Morgan , 221 N.C. App. 219, 223, 726 S.E.2d 193, 196 (2012) (citation and quotation marks omitted). "The plain language of section 50B-1(a)(2) imposes only a subjective test, rather than an objective reasonableness test, to determine whether an act of domestic violence has occurred." Brandon v. Brandon , 132 N.C. App. 646, 654, 513 S.E.2d 589, 595 (1999) (citation omitted). "While the trial court need not set forth the evidence in detail it does need to make findings of ultimate fact which are supported by the evidence; the findings must identify the basis for the act of domestic violence." Kennedy , 221 N.C. App. at 224, 726 S.E.2d at 196 (citation and quotation marks omitted).
Chapter 50B of the North Carolina General Statutes defines "domestic violence" to include "[p]lacing the aggrieved party or a member of the aggrieved party's family or household in fear of imminent serious bodily injury or continued harassment, as defined in G.S. 14-277.3A, that rises to such a level as to inflict substantial emotional distress ." N.C. Gen. Stat. § 50B-1(a)(2) (2015) (emphasis added).
Thus, in order to find that a defendant's actions constituted "domestic violence," there must first be a finding of either fear of imminent serious bodily injury or continued harassment. In order "to support a conclusion of law that an act of domestic violence has occurred due to 'harassment,' " there must be "evidence and findings of fact that defendant's acts (1) were knowing, (2) were directed at a specific person, ... (3) tormented, terrorized, or terrified the person, ... and (4) served no legitimate purpose." Kennedy , 221 N.C. App. at 222, 726 S.E.2d at 195-96 (citation, quotation marks, and brackets omitted).
Second, there must be evidence that the defendant's conduct rose to such a level as to inflict substantial emotional distress upon the plaintiff. This Court has previously utilized N.C. Gen. Stat. § 14-277.3A in defining "substantial emotional distress." See, e.g. , Norrell v. Keely , 238 N.C. App. 441, 448, --- S.E.2d ----, ---- (2014) (citation omitted) (using N.C. Gen. Stat. § 14-277.3A to define "substantial emotional distress" for purposes of Chapter 50B); Tyll v. Willets , 229 N.C. App. 155, 161, 748 S.E.2d 329, 332 (2013) (noting that although Chapter 50B does not define "substantial emotional distress," N.C. Gen. Stat. § 14-277.3A contains such a definition). N.C. Gen. Stat. § 14-277.3A defines "substantial emotional distress" as "[s]ignificant mental suffering or distress that may, but does not necessarily, require medical or other professional treatment or counseling." N.C. Gen. Stat. § 14-277.3A(b)(4) (2015).
In the present case, the trial court found that Mr. Walker was "placed in fear of continued harassment [rising] to such a level as to inflict substantial emotional distress[,]" as a result of Ms. Pharr's continuously calling him, texting him, driving by his workplace, and threatening to have him arrested. Even assuming arguendo that these actions constituted "continued harassment," a careful review of the transcript reveals that no competent evidence supports the trial court's finding that Ms. Pharr's harassment of Mr. Walker caused him "substantial emotional distress."
Although Mr. Walker responded "Yes" when asked by his attorney during his testimony whether he was in fear of "constant harassment" and "some type of violent harm" as a result of Ms. Pharr's actions, the record is devoid of any evidence tending to show that he actually suffered substantial emotional distress as a result of this fear. See Ramsey v. Harman , 191 N.C. App. 146, 151, 661 S.E.2d 924, 927 (2008) (holding that "record is wholly devoid of any evidence that tends to show the messages published on defendant's website were intended to and in fact caused plaintiffs to suffer 'substantial emotional distress'...."); see also Tyll , 229 N.C. App. at 162, 748 S.E.2d at 333 ("Even if defendant's actions were annoying to plaintiff and thus constituted harassment, plaintiff has not alleged any facts sufficient to sustain a finding that defendant caused plaintiff to suffer substantial emotional distress." (citations, quotation marks, and brackets omitted)). Accordingly, because competent evidence does not support the trial court's finding that Mr. Walker suffered substantial emotional distress, we vacate the trial court's DVPO order against Ms. Pharr.
Conclusion
For the reasons stated above, we vacate the trial court's 25 April 2016 order.
VACATED.
Report per Rule 30(e).
Chief Judge McGEE and Judge McCULLOUGH concur.

It is clear from the evidence presented at the hearing that the trial court inadvertently inverted the parties in the preceding sentence as there was no evidence that Mr. Walker threatened to have Ms. Pharr arrested.

The trial court did not check the boxes next to any other findings on the form order. Thus, the trial court did not find that Ms. Pharr "placed [Mr. Walker] in fear of imminent serious bodily injury" or "attempted to cause" such injury to Mr. Walker.