HUNTER, JR., Robert N., Judge.
Sean Scott Defeo ("Defendant") appeals from a domestic violence protection order ("DVPO"), arguing the trial court erred in its findings and in concluding he committed an act of domestic violence. We reverse.
I. Factual and Procedural History
On 7 July 2017, Sherry Lynn Morgan ("Plaintiff") filed a complaint and motion for a DVPO. Plaintiff completed the standard form provided by the Administrative Office of the Courts. She checked the box indicating "The defendant has attempted to cause or has intentionally caused me bodily injury; or has placed me or a member of my family or household in fear of imminent serious bodily injury or in fear of continued harassment that rises to such a level as to inflict substantial emotional distress...." Plaintiff handwrote:
Left him after a fit of rage where he abused me and bruised me + left damage to the house in July 2016 of which he openly admitted to on social media + this wasn't the first time I experienced his temper + physical abuse. I never returned only to get my things and he continues to lie on social media about me + will not leave me alone after a year of me asking.
Plaintiff further alleged Defendant possessed firearms and made threats to commit suicide.
Plaintiff requested an ex parte DVPO and for the court to "order the defendant not to assault, threaten, abuse, follow, harass or interfere with [her.]" Plaintiff also handwrote in her request for the court to order Defendant to "[r]efrain from all social media about [her] or [her] family[.]" In support of her complaint and motion, Plaintiff attached screenshots of Defendant's Facebook posts, Defendant's text messages, and pictures of damage inside an apartment. In the Facebook post, Defendant detailed his and Plaintiff's relationship issues. On 7 July 2017, the court granted Plaintiff an ex parte DVPO.
On 5 September 2017, the court called the case for trial. Plaintiff testified on her own behalf. Plaintiff and Defendant dated for four years and lived together. In July 2016, the two broke up. Although Plaintiff left because of Defendant's "fit of rage[,]" she did not file for a DVPO in 2016. On 3 July 2017, Defendant posted about Plaintiff and her family on Facebook. When asked what Defendant's "continual posting on social media" did to her, Plaintiff responded:
It's emotional distress. I can't live every day wondering what he's going to do and say on Facebook that's going to damage my family, my children, my grandchildren, myself. I mean he put in there about me saying I wish my grandchildren would get cancer. I mean, who does something like that?
Plaintiff asserted Defendant "is definitely trying to destroy [her] reputation[.]" Plaintiff could not "take it anymore[,]" again calling the matter "emotional distress." The "only thing that has stopped [Defendant] from [posting on] his Facebook and harassment is that [she] got a restraining order." Plaintiff asked for the DVPO to "remain" because she did not "want him destroying [her] family or [her]self anymore."
Plaintiff affirmed Defendant's Facebook post caused her to file her complaint and motion. However, Plaintiff and Defendant were not "connected" on social media. Plaintiff knew of Defendant's posts because of mutual friends.
Plaintiff rested. Defendant moved to dismiss Plaintiff's complaint and motion. The court denied Defendant's motion.
Defendant testified on his own behalf. Defendant and Plaintiff previously dated and broke up in July 2016. Although broken up, Defendant allowed Plaintiff to keep some of her items at his home. When Plaintiff came to get her belongings, she stole Defendant's washer, dryer, and wall decorations.
Defendant testified as to his and Plaintiff's relationship issues, which included recurrent arguing. During one argument, Plaintiff refused to leave Defendant's home, so he "escorted her to the door, threw her out -- threw her purse out."
Plaintiff and Defendant had mutual friends. Although they were originally Defendant's friends, "she acquired them while [they] were together." When a mutual friend messaged Defendant's then girlfriend "tell[ing] her she felt sorry for [his girlfriend for] dating [Defendant,]" Defendant showed other mutual friends all of his prior messages and emails with Plaintiff.
Defendant blocked Plaintiff on social media in either October or November 2016. Defendant did not regularly contact Plaintiff.[1] However, at some point, a mutual friend told other mutual friends something "which was way off[.]"[2] Plaintiff's "friends started the trouble." In response, Defendant wrote the lengthy Facebook post. He asserted "everything in th[at] thing that [he] wrote is 100 percent fact."[3]
On 5 September 2017, the trial court entered an order granting Plaintiff a DVPO. The court found on 3 July 2017, Defendant "placed [Plaintiff] in fear of continued harassment that rises to such a level as to inflict substantial emotional distress" because "The Plaintiff left the Defendant's residence in July 2016 after the Defendant assaulted her. He had previously threatened Plaintiff with violence. After the separation, the Defendant has posted negative things about the Plaintiff + her family on social media." The court concluded "The defendant has committed acts of domestic violence against the plaintiff." On 28 September 2017, Defendant filed timely notice of appeal.
II. Jurisdiction
Defendant has an appeal of right from a final judgment of a district court in a civil action, pursuant to N.C. Gen. Stat. § 7A-27(b)(2) (2017).
III. Standard of Review
"When the trial court sits without a jury [regarding a DVPO], the standard of review is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." Hensey v. Hennessy , 201 N.C. App. 56, 59, 685 S.E.2d 541, 544 (2009) (alteration in original) (citation omitted). "While the trial court need not set forth the evidence it detail[,] it does need to make findings of ultimate fact which are supported by the evidence; the findings must identify the basis for the 'act of domestic violence.' " Kennedy v. Morgan , 221 N.C. App. 219, 224, 726 S.E.2d 193, 196 (2012) (citations omitted). "[U]ltimate facts ... are determinative of the questions raised in the action and essential to support the conclusions of law reached. Ultimate facts are required to establish the plaintiff's cause of action or the defendant's defense." In re Estate of Mullins , 182 N.C. App. 667, 671, 643 S.E.2d 599, 602 (2009) (citations, emphasis, and quotation marks omitted).
IV. Analysis
Defendant argues the trial court failed to make required findings of fact, the findings of fact the trial court did make are not supported by competent evidence, and the findings of fact do not support the conclusions of law.
N.C. Gen. Stat. § 14-277.3A defines "harassment" as "[k]nowing conduct ... directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose." N.C. Gen. Stat. § 14-277.3A(b)(2) (2017).[4] Where a plaintiff claims harassment as the act of domestic violence, the trial court must find defendant's acts: (1) were knowing; (2) directed at a specific person; (3) tormented, terrified, or terrorized the person; and (4) served no legitimate purpose. Kennedy , 221 N.C. App. at 222, 726 S.E.2d at 195-96. Nonetheless, our Court has not required trial courts to make "specific findings of fact as to every element of fear of continued harassment, as described in N.C. Gen. Stat. §§ 14-277.3A(b)(2), 50B-1(a)(2) [.]" Stancill v. Stancill , 241 N.C. App. 529, 538, 773 S.E.2d 890, 896 (2015).
Additionally, there must be evidence showing Defendant's actions rose to such a level as to inflict substantial emotional distress on Plaintiff. N.C. Gen. Stat. § 14-277.3A defines substantial emotional distress as "[s]ignificant mental suffering or distress that may, but does not necessarily, require medical or other professional treatment or counseling." N.C. Gen. Stat. § 14-277.3A(b)(4) (2017). See Tyll v. Willets , 229 N.C. App. 155, 161, 748 S.E.2d 329, 332 (2013) (utilizing the definition of "substantial emotional distress" from N.C. Gen. Stat. § 14-277.3A(b)(4) for Chapter 50 determinations because Chapter 50 does not define the term).
First, Defendant asserts the trial court erred in failing to make sufficient findings to support the court's ultimate finding of harassment. In Stancill , the defendant presented a similar argument, contending the trial court must make specific findings as to every element of fear of continued harassment. 241 N.C. App. at 538, 773 S.E.2d at 896. Our Court clarified a trial court "need not set forth the evidence in detail" but "does need to make findings of ultimate fact which are supported by the evidence; the findings must identify the basis for the act of domestic violence." Id. at 538, 773 S.E.2d at 896 (citation, alteration, and quotation marks omitted). Our Court held the trial court did not err, although it did not make specific findings, because it made the ultimate finding "by referring to plaintiff's statement and defendant's text messages, which plaintiff attached to her complaint, and by making a finding of ultimate fact that defendant placed plaintiff in fear of continued harassment that rises to such a level as to inflict substantial emotional distress[.]" Id. at 538, 773 S.E.2d at 896. Here, similarly, the trial court is not required to make specific findings, as the court made an ultimate finding of fear of continued harassment.
Assuming competent evidence supports the court's ultimate finding of fear of continued harassment, the record contains insufficient evidence to support its finding of substantial emotional distress. Because Plaintiff's complaint and motion and the court's findings and order are based on Defendant's social media posts, we examine the evidence to determine if the social media posts caused Plaintiff substantial emotional distress.[5] In her complaint, Plaintiff asserted "he continues to lie on social media about me[.]" At trial, when asked by her counsel, "What specifically has his continual posting on social media done to you?" Plaintiff answered, "It's emotional distress. I can't live every day wondering what he's going to do and say on Facebook that's going to damage my family, my children, my grandchildren, myself." We conclude the record contains insufficient evidence to support a finding of substantial emotional distress. See Tyll , 229 N.C. App. at 162, 740 S.E.2d at 333 ("Even if defendant's actions were annoying to plaintiff and thus constituted harassment, plaintiff has not alleged any facts sufficient to sustain a finding that defendant caused plaintiff to suffer substantial emotional distress.") (emphasis added) (citations, alteration, and quotation marks omitted); Ramsey v. Harman , 191 N.C. App. 146, 151, 661 S.E.2d 924, 927 (2008) (noting plaintiff's "self-serving" testimony about feeling "threatened" and concluding "the record is wholly devoid of any evidence that tends to show the messages published on defendant's website were intended to and in fact caused plaintiffs to suffer 'substantial emotional distress' ") (emphasis added). Accordingly, the court erred in finding Plaintiff suffered substantial emotional distress and in concluding Defendant committed acts of domestic violence against Plaintiff.
V. Conclusion
For the foregoing reasons, we reverse the trial court's order.
REVERSED.
Report per Rule 30(e).
Judges DAVIS and BERGER concur.

Defendant and Plaintiff emailed in January 2016.

Defendant did not testify as to when the mutual friend made this statement.

There is no indication in the record as to the date Defendant posted on Facebook.

Both the criminal code and Chapter 50B use the same definition of harassment. N.C. Gen. Stat. § 50B-1(a)(2).

Plaintiff argues the trial court properly concluded Defendant committed an act of domestic violence by either attempting or intentionally committing an act resulting in bodily injury. However, the trial court did not check the appropriate box to find this basis for the conclusion Defendant committed an act of domestic violence.