IN THE COURT OF APPEALS OF NORTH CAROLINA

[do not modify or remove this line]

Nos. COA21-140, COA21-141

Filed: [do not modify or remove this line]

Cabarrus County, 20 CVD 2006, 20 CVD 2007

D.C., and J.M., *Guardian Ad Litem for minor child D.C.*, Plaintiff,

v.

D.C., Defendant.

---

E.C., and J.M., *Guardian Ad Litem for minor child E.C.*, Plaintiff,

v.

D.C., Defendant.

Appeals by Plaintiffs from orders entered 23 September 2020 by Judge S. A. Grossman in Cabarrus County District Court. By order entered 12 March 2021 this Court allowed cases COA21-140 and COA21-141 to be consolidated for purposes of hearing only. This Court now orders that COA21-140 and COA21-141 be consolidated for decision in this opinion. Heard in the Court of Appeals 10 August 2021.

> *Hartsell & Williams, P.A., by Austin "Dutch" Entwistle III, for plaintiffs-appellants.*
>
> *No appellee brief filed.*

MURPHY, Judge.

¶ 1        When a trial court sits without a jury in a hearing regarding a motion for a domestic violence protection order under Chapter 50B of our General Statutes, Rule 52(a)(1) of the North Carolina Rules of Civil Procedure requires the trial court to make findings of fact, as well as separately state its conclusions of law based on those findings of fact.  After making the required findings of fact and conclusions of law, the trial court "shall" direct the entry of the appropriate judgment.

¶ 2        Here, after a consolidated hearing without a jury, the trial court failed to make any findings of fact in its orders denying Plaintiffs' motions for domestic violence protective orders against Defendant.  We vacate the trial court's orders in this matter and remand for the entry of findings of fact by the trial court, followed by appropriate conclusions of law.

### BACKGROUND

¶ 3        Plaintiffs D.C.[1] and E.C., who are minors, each filed a *Complaint and Motion for Domestic Violence Protective Order* against their biological father's wife, Defendant D.C., on 16 July 2020.  The hearing regarding whether to grant a Domestic Violence Protective Order ("DVPO") was consolidated.  At the time of the hearing, a

---

[1] Abbreviations are used for all relevant persons throughout this opinion to protect the identity of the juveniles and for ease of reading.

Chapter 50 custody dispute was ongoing between Plaintiffs' biological mother, J.M., and Plaintiffs' biological father, D.C.

¶ 4        In their nearly identical Complaints, Plaintiffs alleged:

> [Defendant] has repeatedly gotten right in [Plaintiffs'] face[s] screaming as loud as she can as [to] how she wants to knock [Plaintiffs'] teeth out or otherwise do bodily harm to [Plaintiffs]. [Plaintiffs] have witnessed [Defendant] hit [Plaintiffs' biological father] and also hit her grandson []. The most recent time [Defendant] got in [Plaintiffs'] face[s] yelling and threatening [them] was on or about [8 July 2020]. [Plaintiffs are] afraid for [their] safety and in fear of continued harassment such that [they are] suffering substantial emotional distress and don't want [Defendant] to be around [them] at all anymore. Besides [] witnessing [Defendant] actually hitting or otherwise physically attacking [their biological father] and her grandson, [Defendant] has destroyed property in fits of rage at least in part to intimidate [Plaintiffs]. [Defendant] has repeatedly acted [to invoke fear in Plaintiffs] and it has been successful. [Plaintiffs are] in fear for [their] [lives]from [Defendant].

¶ 5        The trial court granted an *Ex Parte Domestic Violence Order of Protection* for each Plaintiff on 17 July 2020 ("*Ex Parte* Orders"), which prohibited Defendant from contact with Plaintiffs. The *Ex Parte* Orders were continued to the date of the hearing.

¶ 6        At the hearing regarding Plaintiffs' DVPO motions on 23 September 2020, Plaintiffs separately testified as follows: Defendant gets up close and in their faces, threatens physical assault, and scares them; Defendant threatened to knock one

Plaintiff's teeth out; Plaintiffs believe Defendant would actually physically harm them; and they believe Defendant would continue her behavior if Plaintiffs returned to her home. Defendant did not present any evidence.

¶ 7 The trial court used the DVPO form provided by the Administrative Office of the Courts, AOC-CV-306, which provides multiple locations for the trial judge to include preprinted and freeform findings of fact, to enter its orders. At the conclusion of the bench hearing on Plaintiffs' motions for a DVPO, the trial court entered its orders on the form entitled *Domestic Violence Order of Protection* for each plaintiff on 23 September 2020 ("Orders"). In the Orders, the trial court did not make any findings of fact other than who was present at the hearing, concluded that each Plaintiff "failed to prove grounds for issuance of a [DVPO]," and dismissed the action, declaring "any ex parte order issued in this case [] null and void."

¶ 8 After the parties rested at the hearing, the trial court made the following comments in open court[2]:

---

[2] Plaintiffs raise concerns in their briefs suggesting that the trial court misapprehended the law. We note that on the cold record the trial court's statements could be interpreted as a misapprehension or misapplication of the law. However, due to our resolution of this appeal, we need not address this issue and believe it is quite possible that the comments were made in a conversational style in order to politely engage with the litigants and were not an expression of any misconceptions that the trial court may have had. In order to fully dispel any concerns upon remand, we provide the following observations. First, Chapter 50 and Chapter 50B actions are not mutually exclusive. *See* N.C.G.S. § 50B-7(a) (2019) (emphasis added) ("The remedies provided by [Chapter 50B] are *not exclusive but are additional to remedies* provided under Chapter 50 and elsewhere in the General Statutes."). Second, if a trial court determines that an act qualifying as domestic violence occurred, the trial court is required to issue a DVPO. *See* N.C.G.S. § 50B-3(a) (2019) (emphasis added) ("If the

Honestly, [Defendant's] conduct is not conducive to working these things out as [they] need to be worked out for the benefit of [Plaintiffs]. I suspect [Defendant] now realizes that, but I think this is a Chapter 50 [custody dispute] case, [Plaintiffs' counsel]. This is not a Chapter [50B domestic violence] case. There's -- if it were [a Chapter 50B case], virtually every parent ever would be in the courtroom.

What I heard from [Plaintiffs], and I commend you for taking your feelings and trying to do the right thing, I don't think this is the right thing. I appreciate that you're looking out after yourselves, both of you young people, but this is a situation where a parent, and [Defendant] is in a position of a parent, has been somewhat out of control, but I don't see that this is much different than what at least 50 percent of all parents have done, stupidly, but this is [a] Chapter 50 action. I'm going to deny the orders in all cases.

¶ 9 Both Plaintiffs timely appealed. In this consolidated appeal,[3] Plaintiffs argue each "Order is [facially] defective as the trial court made no findings of fact." Plaintiffs also argue the trial court's "comments . . . at the hearing reveal that [its] basis for denying [Plaintiffs'] claims ha[d] no basis in law or fact."

## ANALYSIS

¶ 10 Typically, "[w]hen the trial court sits without a jury regarding a DVPO, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of

---

[trial] court . . . finds that an act of domestic violence has occurred, the [trial] court *shall grant* a [DVPO] restraining the defendant from further acts of domestic violence.").

[3] Although Plaintiffs pursued two separate appeals, COA21-140 and COA21-141, given the similarity of the facts and issues, and for purposes of judicial economy, we consolidate the appeals.

such facts." *Kennedy v. Morgan*, 221 N.C. App. 219, 220-21, 726 S.E.2d 193, 195 (2012). However, Rule 52(a)(1) of the North Carolina Rules of Civil Procedure requires, "[i]n all actions tried upon the facts without a jury or with an advisory jury, the [trial] court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C.G.S. § 1A-1, Rule 52(a)(1) (2019).

¶ 11        Our Supreme Court has interpreted this requirement as follows:

> Where, as here, the trial court sits without a jury, the judge is required to find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. The purpose of the requirement that the [trial] court make findings of those specific facts which support its ultimate disposition of the case is to *allow a reviewing court to determine from the record whether the judgment – and the legal conclusions which underlie it – represent a correct application of the law*. The requirement for appropriately detailed findings *is thus not a mere formality or a rule of empty ritual*; it is designed instead to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system.
>
> . . . .
>
> In the absence of such findings, this Court has no means of determining whether the order is adequately supported by competent evidence. It is not enough that there may be evidence in the record sufficient to support findings which could have been made. The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine de novo the weight and credibility to be given to

evidence disclosed by the record on appeal.

. . . .

Our decision to remand this case for further evidentiary findings is not the result of an obeisance to mere technicality. Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.

*Coble v. Coble*, 300 N.C. 708, 712-14, 268 S.E.2d 185, 188-90 (1980) (emphases added and original emphases omitted) (marks and citations omitted).

¶ 12          Here, the trial court failed to make any findings of fact, much less specific findings, in the Orders. It was required to enter findings of fact supporting its conclusions of law that each Plaintiff "failed to prove grounds for issuance of a [DVPO]." Such a failure to make findings of fact prevents us from conducting meaningful appellate review, and we must vacate the Orders and remand to the trial court for the entry of orders that comply with the North Carolina Rules of Civil Procedure and our caselaw.

## CONCLUSION

¶ 13          The importance of the policy behind the rule in *Coble* is clear here, where the

trial court included no findings of fact in the Orders denying Plaintiffs' motions for DVPOs. We vacate the Orders due to the failure to make findings of fact, and we remand for entry of new orders that include findings of fact and conclusions of law based on those findings.

VACATED AND REMANDED.

Judges ARROWOOD and GRIFFIN concur.