IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1094

Filed 5 November 2024

Wake County, No. 23 CV 602127-910

SHANA MARIE SIMPSON, Plaintiff,

v.

TRAVIS RAY SILVER, Defendant.

Appeal by Defendant from order entered 29 June 2023 by Judge Jim Black in

Wake County District Court.  Heard in the Court of Appeals 17 April 2024.

> *Legal Aid of North Carolina, Inc., by Corey Frost, Spencer E. Schold, TeAndra H. Miller, James Battle Morgan, Jr., and Celia Pistolis, for plaintiff-appellee.*
>
> *John M. Kirby for defendant-appellant.*

MURPHY, Judge.

Defendant's arguments as to the admission and exclusion of evidence at trial

are unpreserved and therefore dismissed.  The trial court properly found, based on

competent evidence, and concluded, based on its findings, that Defendant committed

an act of domestic violence against Plaintiff.  The trial court did not err in entering a

domestic violence order of protection.

## **BACKGROUND**

On 21 June 2023, Plaintiff filed a *Complaint and Motion for Domestic Violence

Protective Order* against Defendant.  Later on that date, the trial court entered an *Ex

Parte Domestic Violence Order of Protection*, effective through 29 June 2023.

On 29 June 2023, the trial court conducted a hearing on Plaintiff's complaint and entered a *Domestic Violence Order of Protection*, effective through 29 June 2024, upon concluding that "[D]efendant committed an act of domestic violence against [Plaintiff]." Defendant appealed.

## ANALYSIS

On appeal, Defendant argues that the trial court "erroneously found that the Defendant's conduct caused the Plaintiff to suffer an eating disorder and panic attacks[]" because "[t]he record . . . contains no evidence whatsoever that the Defendant's conduct caused either of these conditions." Defendant first argues that "[n]umerous cases recognize that one cannot conclude that a given condition caused a result simply because the result occurred after (or contemporaneous with) the condition." Defendant further argues that Plaintiff "did not in fact render" an opinion "that the Defendant's actions caused her panic attacks or eating disorder"; and, even if she had, "[s]he would not have been qualified to render such an opinion[]" because she is not a medical expert. These arguments constitute a belated attack on Plaintiff's testimony as to her panic attacks and eating disorder, where Defendant failed to object to this testimony during trial and failed to preserve this issue for appeal. *See* N.C. R. App. P. 10(a)(1) (2023). We dismiss Defendant's unpreserved argument as to whether Plaintiff was qualified to testify about her panic attacks and eating disorder.

Defendant erroneously contends that "[t]he issues raised in this appeal are reviewed de novo." This Court has held that our standard of review

> [w]hen the trial court sits without a jury regarding a DVPO[] . . . is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Where there is competent evidence to support the trial court's findings of fact, those findings are binding on appeal.

*Kennedy v. Morgan*, 221 N.C. App. 219, 220-21 (2012) (quoting *Hensey v. Hennessy*, 201 N.C. App. 56, 59 (2009)). That is, we review the trial court's finding that "[due] to [Defendant's] threats as well as abusive messages[,] Plaintiff has suffered panic attacks and developed an eating disorder[]" only to determine whether it is supported by competent evidence. "Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." *Real Time Resolutions, Inc. v. Cole*, __ N.C. App. __, __, 902 S.E.2d 269, 272 (2024) (quoting *In re Adams*, 204 N.C. App. 318, 321 (2010)).

At trial, Plaintiff testified without objection that, during the relationship, Defendant threatened that he would kill her if she left him "[m]ore than a dozen times." Plaintiff testified that she was "[t]errified" of Defendant after he told her that he purchased a new black van "in case [he] wanted to stalk [her][.]" Afterwards, Plaintiff was "really scared[.]" Plaintiff testified that, after she first ended the relationship with Defendant and asked that he give her "time and space[,]" "he just refused to give it to" her and "would message [her] again and be really obsessive." Plaintiff then testified that she "was having panic attacks" and "developed an eating disorder over the duration of the relationship[.]" Plaintiff further testified that,

during the relationship, she developed "intense anxiety" and, at the time of the hearing, was "constantly looking around everywhere, afraid that [Defendant] is just going to be there[.]" After Plaintiff ceased contact with Defendant by blocking his ability to contact her, Defendant "kept creating phone numbers and messaging [Plaintiff][.]"

During trial, Plaintiff answered affirmatively that she was "facing a little bit away" from Defendant because she was "afraid to look at him[]" and "[didn't] want to see him in [her] peripheral[]" because "[h]e scares [her]." Plaintiff presented evidence of the messages sent by Defendant through various telephone numbers and social media accounts, and Defendant did not object. Plaintiff then testified that she felt

> [s]tressed out, overwhelmed, scared. I haven't been able to eat or sleep. I'm struggling to keep my job because I have to take so much time off because I can't even function. I've developed hypertension. I've been passing out because my blood pressure is so high.

Plaintiff's testimony constitutes "evidence that a reasonable mind might accept as adequate to support the finding[s][,]" *Real Time Resolutions, Inc.*, __ N.C. App. at __, 902 S.E.2d at 272, made by the trial court that, "[due] to [Defendant's] threats as well as abusive messages[,] Plaintiff has suffered panic attacks and developed an eating disorder[,]" and that Defendant placed Plaintiff "in fear of continued harassment that rises to such a level as to inflict substantial emotional distress[.]" The trial court's findings, in turn, support its conclusion that "[D]efendant committed an act of domestic violence against [Plaintiff]."

Defendant also argues that the trial court erred in excluding evidence of messages he received from Plaintiff's son. Defendant failed to make an offer of proof as to this proferred evidence at trial, and we dismiss this unpreserved argument. *See State v. Ramirez*, __ N.C. App. __, __, 901 S.E.2d 256, 259 (2024) (cleaned up) ("It is well settled that in order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record.").

## **CONCLUSION**

Defendant failed to preserve his objections to the trial court's admission of Plaintiff's testimony as to her panic attacks and eating disorder and to make an offer of proof after the trial court's exclusion of evidence of messages sent to Defendant by Plaintiff's son. Plaintiff's testimony constituted competent evidence upon which the trial court could base its finding that Plaintiff suffered substantial emotional distress from Defendant's continued harassment, and the trial court properly concluded that Defendant committed an act of domestic violence against Plaintiff.

DISMISSED IN PART; AFFIRMED.

Judges ARROWOOD and THOMPSON concur.