An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-153

Filed 17 December 2025

Cumberland County, No. 24CVD601010-250

KAMEELA WYATT, Petitioner/Plaintiff,

v.

TAMARA THOMAS, Respondent/Defendant.

Appeal by respondent/defendant from order entered 7 October 2024 by Judge Rosalyn Hood in Cumberland County District Court. Heard in the Court of Appeals 27 August 2025.

*No brief filed for petitioner/plaintiff-appellee.*

*Respondent/defendant-appellant Tamara Thomas, pro se.*

ZACHARY, Judge.

Defendant Tamara Thomas appeals from the trial court's domestic violence protective order ("DVPO") entered in favor of Plaintiff Kameela Wyatt. After careful review, we affirm.

## I.    Background

Plaintiff and Defendant are neighbors who dated "very briefly." Multiple

disputes occurred between the parties over the years, which culminated in a fracas on 9 July 2024. Thereafter, both parties filed complaints in Cumberland County District Court requesting entry of a DVPO against the other.

In Defendant's complaint, Defendant alleged that on 9 July 2024, Plaintiff had "pull[ed] her truck onto [Defendant's] grass directly in front of [Defendant]," exited her truck, cursed at Defendant, and declared, "I will run over your ass." Defendant further alleged that Plaintiff had thrown water bottles at her, and that after Plaintiff parked her truck in her own driveway, she "continue[d] to cuss and [said] 'I will kill you, come into my house so I can beat your ass.' "

By contrast, in Plaintiff's complaint, Plaintiff alleged that she had "just arrived home" on 9 July 2024 and "was backing [her] vehicle into [her] driveway" when "[D]efendant spray[ed] a liquid into [Plaintiff's] open driver['s] side window and open sunroof to provoke an altercation" and harass her. Plaintiff also alleged that Defendant threw an object at her, continually verbally harassed her, and repeatedly used a leaf blower to blow grass, dirt, and debris onto Plaintiff's property.

On 7 October 2024, the parties' DVPO complaints came on for hearing in Cumberland County District Court. After the hearing, the trial court entered one-year DVPOs in favor of each party against the other. In the DVPO entered against Defendant, the court found that Defendant had attempted to cause bodily injury to Plaintiff and placed her "in fear of continued harassment that rises to such a level as to inflict substantial emotional distress" in that Defendant had "sprayed water into

[Plaintiff's] car and threw a water bottle across the street; [Plaintiff] remains in constant fear and has no peace in her home." Defendant timely filed notice of appeal from the DVPO entered against her.

## II. Discussion

Defendant argues that the trial court erred by concluding that an act of domestic violence occurred because the court mistakenly found that she "threw a water bottle across the street." (Emphasis omitted). We disagree.

### A. Standard of Review

"This Court reviews a trial court's order issuing a DVPO to determine whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact supported by competent evidence are binding on appeal." *Williams v. Cabrera*, 298 N.C. App. 611, 614, 916 S.E.2d 281, 286 (2025) (cleaned up). Unchallenged findings of fact are "presumed to be supported by competent evidence and [are] binding on appeal." *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

### B. Analysis

"To support entry of a DVPO, the trial court must make a conclusion of law that an act of domestic violence occurred. The conclusion of law must be based upon the findings of fact." *Williams*, 298 N.C. App. at 616, 916 S.E.2d at 287 (cleaned up); N.C. Gen. Stat. § 50B-3 (2023). "While the trial court need not set forth the evidence in detail it does need to make findings of ultimate fact which are supported by the

evidence; the findings must identify the basis for the act of domestic violence." *Williams*, 298 N.C. App. at 616, 916 S.E.2d at 287–88 (cleaned up). The court must "grant a DVPO if it concludes that at least one act of domestic violence has occurred. . . . In other words, because a single act of domestic violence is sufficient, the trial court's issuance of a DVPO will be upheld if the findings support at least one act of domestic violence." *Id.* at 616–17, 916 S.E.2d at 288.

The statutory definition of "domestic violence" includes "[p]lacing the aggrieved party . . . in fear of imminent serious bodily injury or continued harassment, as defined in [N.C. Gen. Stat. §] 14-277.3A, that rises to such a level as to inflict substantial emotional distress." N.C. Gen. Stat. § 50B-1(a)(2). In pertinent part, § 14-277.3A defines "harassment" as "[k]nowing conduct . . . directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose." *Id.* § 14-277.3A(b)(2). "Substantial emotional distress" is "[s]ignificant mental suffering or distress that may, but does not necessarily, require medical or other professional treatment or counseling." *Id.* § 14-277.3A(b)(4).

Defendant contends on appeal that the trial court erroneously found that she "threw a water bottle across the street." (Emphasis omitted). She correctly notes that the record evidence establishes that *Plaintiff* threw water bottles on 9 July 2024, not Defendant. Accordingly, Defendant asserts that "[t]he ultimate and final facts that the trial court used to establish and sustain [Plaintiff]'s cause of action were incorrect and wholly erroneous."

Upon our review of the record, the evidence shows that Defendant threw "an object" at Plaintiff in April 2024, although the object was not specifically identified as a water bottle. Defendant, representing herself pro se below as she does on appeal, elicited the following testimony from Plaintiff during cross-examination and did not object: "I was in fear for my life. I didn't know what [Defendant] had picked up off the ground to throw at me, but I do have the exact date. It's on a paper if I'm allowed to go back and look at my paper, but it was in April."

We therefore agree that the evidence below does not support the limited portion of the trial court's finding that states that Defendant "threw a water bottle across the street" on 9 July 2024; however, this minor temporal discrepancy does not provide grounds for reversal in the instant case.

Significantly, Defendant does not challenge the remainder of the court's finding—that Defendant "sprayed water into [Plaintiff's] car" and that Plaintiff "remains in constant fear and has no peace in her home." This unchallenged finding of fact is supported by competent evidence at the hearing and is therefore binding on appeal. *Koufman*, 330 N.C. at 97, 408 S.E.2d at 731. Although our dissenting colleague disagrees that such evidence is sufficient to support the issuance of a DVPO, we must affirm if the trial court's "findings support at least one act of domestic violence." *Williams*, 298 N.C. App. at 616–17, 916 S.E.2d at 288.

Importantly, "it is not this Court's role to make new findings of fact based upon the evidence." *Bowen v. ABF Freight Sys., Inc.*, 179 N.C. App. 323, 330–31, 633 S.E.2d

854, 859 (2006). Here, the evidence supports a finding that Defendant placed Plaintiff in fear of continued harassment, as defined by N.C. Gen. Stat. § 14-277.3A(b)(2), rising to such a level as to inflict substantial emotional distress. N.C. Gen. Stat. § 50B-1(a)(2). The issue is not whether we would make the same findings of fact in the first instance, but whether our review in light of the proper standard of review confirms that the evidence supports the trial court's findings of fact, which in turn support its conclusions of law and ultimate disposition.

"[C]ompetent evidence . . . support[s] the trial court's findings of fact and . . . its conclusions of law were proper in light of such facts." *Williams*, 298 N.C. App. at 614, 916 S.E.2d at 286 (citation omitted). "[B]ecause a single act of domestic violence is sufficient," and "the findings support at least one act of domestic violence," we affirm the trial court's order. *Id.* at 616–17, 916 S.E.2d at 286.

### III.   Conclusion

For the foregoing reasons, we affirm the trial court's order.

AFFIRMED.

Judge STADING concurs.

Judge WOOD dissents by separate opinion.

Report per Rule 30(e).

No. COA25-153 – *Wyatt v. Thomas*

WOOD, Judge, dissenting.

I respectfully dissent from the majority opinion holding the trial court's conclusion of law that an act of domestic violence occurred was properly supported. "When the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Hensey v. Hennessy*, 201 N.C. App. 56, 59, 685 S.E.2d 541, 544 (2009) (cleaned up).

Pursuant to N.C. Gen. Stat. § 50B-1 domestic violence means, in pertinent part,

> the commission of one or more of the following acts upon an aggrieved party. . . :
>
> (1) Attempting to cause bodily injury . . . ; or
>
> (2) Placing the aggrieved party . . . in fear of . . . continued harassment, as defined in G.S. 14-277.3A, that rises to such a level as to inflict substantial emotional distress. . . .

N.C. Gen. Stat. § 50B-1.

In this instance, the trial court found "domestic violence" occurred when on 9 July 2024, Defendant (1) attempted to cause bodily injury to Plaintiff, and (2) placed Plaintiff in fear of continued harassment that rises to such a level as to inflict

substantial emotional distress by throwing a water bottle across the street and spraying water into Plaintiff's car.

## A. Attempting to Cause Bodily Injury

It is unclear which of the two delineated acts by Defendant the trial court determined was an "attempt to cause bodily injury" because the trial court's order lacks specificity, so we consider each in turn.

Bodily injury is defined as "physical damage to a person's body." *Black's Law Dictionary* 936 (12th ed. 2024). Neither the trial court's findings nor the testimony at trial support the conclusion Defendant attempted on 9 July 2024 to cause physical damage to Plaintiff.

The evidence presented at the hearing does not support the finding that Defendant ever "threw a water bottle across the street." The only testimony regarding a water bottle was Defendant's testimony, and her partner's corroborating testimony, that *Plaintiff threw water bottles at Defendant*. The testimony also would not support a finding that Defendant threw anything on 9 July 2024. As the majority notes, there is testimony from Plaintiff that on some unknown day in April, over three months before the day at issue, Defendant threw an unidentified item from the ground at Plaintiff. Plaintiff contends she did not know what was thrown and did not identify the item, so it is impossible to know if there was even a possibility of physical damage to Plaintiff's body, nonetheless, it clearly did not happen on 9 July 2024 as found by the trial court. It is unclear where the trial court's confusion lay, but

competent evidence does not support the trial court's finding that Defendant threw a water bottle across the street on 9 July 2024.

Additionally, it is unclear how spraying water into Plaintiff's car could be construed as Defendant having "attempted to cause bodily injury" to Plaintiff. The testimony simply does not support the conclusion that Plaintiff was or could have been physically harmed by the water. The trial court's conclusion that domestic violence occurred by Defendant attempting to cause bodily injury to the Plaintiff is not supported by competent evidence.

## B. Fear of Continued Harassment

Our Court recently reiterated:

> The definition of "harassment" applicable under [N.C. Gen. Stat. §] 50B-1 is more than conduct that is irritating or annoying, even if the conduct causes substantial emotional distress. Domestic violence requires harassment, as defined in N.C. Gen. Stat. § 14-277.3A, that rises to such a level as to inflict substantial emotional distress.

*Shuler v. Donahue*, No. COA24-739, 2025 WL 3084174, at *6 (N.C. Ct. App. Nov. 5, 2025) (cleaned up). Under N.C. Gen. Stat. § 14-277.3A, harassment is defined, in pertinent part, as "[k]nowing conduct . . . directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose." N.C. Gen. Stat. § 14-277.3A (2023). Substantial emotional distress is defined as "[s]ignificant mental suffering or distress that may, but does not necessarily, require medical or other professional treatment or counseling." N.C. Gen. Stat. § 14-277.3A (2023).

3

As noted *supra,* the trial court's finding that Defendant threw a water bottle is not supported by the testimony. Therefore, I consider only whether spraying water into Plaintiff's car was sufficient to constitute harassment that "torments, terrorizes, or terrifies" reaching a level that causes "substantial emotional distress." N.C. Gen. Stat. § 14-277.3A (2023). Plaintiff's testimony concerning the water spraying incident tended to show:

> Q. Ms. Wyatt, how did it make you feel when Ms. Thomas hosed you down through your open window while you were backing into your driveway?
>
> A. I was afraid because at first I didn't know what she had sprayed. So I wasn't sure if it was just -- because she does a lot of work in her yard, so I didn't know if she had a chemical or not spraying at me. But once I did realize it was water, I was angry.
>
> Q. Why are you angry?
>
> A. Because she continues to does -- she continues to do stuff like this to antagonize me to try to instigate any type of altercation that she can.

Plaintiff clearly testified that once she realized what had been sprayed, her emotion turned to anger, not terror nor fear, let alone "substantial emotional distress." She did not seek physical or emotional support after the incident.

As the majority notes, the trial court did make an uncontested finding that "Plaintiff remains in constant fear and has no peace in her home." However, this is an ultimate fact or "the final resulting effect which is reached by processes of logical

4

reasoning from the evidentiary facts." *In re G.C.*, 384 N.C. 62, 65 n.3, 884 S.E.2d 658, 661 n.3 (2023). Our Supreme Court has recently clarified "[a] trial court's finding of an ultimate fact is conclusive on appeal *if the evidentiary facts reasonably support the trial court's ultimate finding [of fact]*." *In re G.C.*, 384 N.C. at 65, 884 S.E.2d at 661 (emphasis added). The trial court made no evidentiary findings written or oral beyond the basic statement that two incidents occurred: (1) throwing a water bottle across the street, and (2) spraying water into the car. Neither of these evidentiary findings reasonably support the ultimate fact "Plaintiff remains in constant fear and has no peace in her home." In fact, the evidence does not even support the findings that both events occurred let alone that they caused "constant fear" and "no peace."

As there are no facts supporting that the incidents either happened or tormented, terrorized, or terrified Plaintiff to a level that caused Plaintiff "substantial emotional distress," the trial court's findings of fact do not support its conclusion of domestic violence based on a fear of ongoing harassment.

The trial court did not make the necessary findings of fact to support the conclusion that acts of domestic violence occurred. Domestic violence allegations are serious and have long-term consequences for both the accused and victims, impacting legal standing, personal relationships, employment, and mental health. A finding of domestic violence in a DVPO can lead to a cascade of long-term consequences that can profoundly alter their lives through, but not limited to, future criminal and employment consequences and firearm restrictions. Just the accusation can affect

public perception, even without a finding or conviction. Therefore, it is imperative that domestic violence allegations be treated with exceptional seriousness and that findings of domestic violence be supported by competent evidence, which did not occur in this matter. Therefore, I would vacate the trial court's order.